428 S.E.2d 60

**FEDERAL KEMPER INSURANCE COMPANY, Plaintiff,**

**v.**

**Herbert J. KARLET, Luanna Sue Karlet, Brian Karlet, Kelli Michelle Karlet, Charlotte Ball, as Administratrix of the Estate of Louia H. Martin and Charles Daniel Ball, Defendants.**

**No. 21312.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 13, 1993.

Decided Feb. 25, 1993.

**80**

R. Carter Elkins, Campbell, Woods, Bagley, Emerson, McNeer & Herndon, Huntington, for plaintiff.

Mark H. Hayes, Huddleston, Bolen, Beatty, Porter & Copen, Huntington, for defendants.

James C. Peterson, West Virginia Trial Lawyers Ass'n, amicus curiae committee.

McHUGH, Justice:

This matter is before the Court upon certified question by the United States District Court for the Southern District of West Virginia for clarification as to whether minor children claiming loss of parental consortium are treated as separate injured persons, subject to separate "per person" and "per occurrence" insurance liability limits, based on language in an automobile insurance policy.[1]

I

Charles Daniel Ball and Herbert J. Karlet were the drivers of two vehicles involved in a collision in Wayne County, West Virginia, in the fall of 1990. Mr. Karlet's wife, Luanna, and son, Brian, were passengers in the vehicle he was driving, and all three of them were injured as a result of the accident.[2] Mr. and Mrs. Karlet also have a daughter, Kelli, who was not a passenger in the vehicle.

The parties represent to this Court that Mr. Ball was the party at fault in the accident. The vehicle driven by Mr. Ball was owned by his grandmother, Louia H. Martin,[3] and was insured by Federal Kemper. The insurance policy issued by Federal Kemper to Mrs. Martin provides liability coverage limits of $100,000 per person and $300,000 per occurrence, and was in effect on the date of the accident.

The Karlets' children filed a loss of parental consortium claim for injury to the parent-child relationship as a result of the accident.[4] Due to the parties' dispute over the loss of parental consortium claim, Federal Kemper filed a declaratory judgment action in the federal district court seeking a declaration from the court that the loss of parental consortium claim asserted by the Karlets' children was included with the

---

1. The question now before us has been certified from federal district court pursuant to the Uniform Certification of Questions of Law Act, *W.Va.Code,* 51–1A–1 to 51–1A–12 (Repl.Vol.1981). Pursuant to these statutory provisions, we must determine, in answering a certified question, the present law bearing on the issue certified. We recognized this directive in syllabus point 1 of *Morningstar v. Black & Decker Manufacturing Co.,* 162 W.Va. 857, 253 S.E.2d 666 (1979): "From the language of W.Va. Code, 51–1A–1, together with the conventional construction placed by other courts on similar certification statutes, this Court, in answering a certified question, must of necessity determine the present law bearing on the issue certified."

2. Although the parties have not advised this Court of the extent of the parties' injuries, counsel on behalf of the Karlets represented to the Court at oral argument that the parents' injuries were more severe than their son's injuries.

3. Mrs. Martin is now deceased.

4. This Court recognized a cause of action for loss of parental consortium in *Belcher v. Goins,* 184 W.Va. 395, 400 S.E.2d 830 (1990). The parties do not dispute in this case that such a cause of action exists.

each person liability limits applicable to each of their injured parents.[5]

The district court declined to render a declaratory judgment on the issue presented by Federal Kemper, and instead certified the following question to this Court: "Are minor children claiming loss of parental consortium treated as separate injured persons, subject to separate per person and per occurrence insurance liability limits, based on the language of Federal Kemper's insurance policy?"[6]

## II

In response to the certified question we must determine whether the minor children's claims of loss of parental consortium should be treated as separate bodily injuries under the per person limits of liability under the policy. Federal Kemper maintains that the loss of consortium claim asserted by the Karlets' children arises from the bodily injuries suffered by their parents in the accident, and that any claim they may have for loss of parental consortium is subject to the $100,000 per person limits of liability applicable to their parents' bodily injury claims. The Karlets contend that a child's claim for loss of parental consortium is a separate claim entitled to an independent per person recovery under the automobile insurance policy.

The insurance policy at issue in the present case provides bodily injury liability coverage of $100,000 each person, $300,000 each occurrence. The insurance policy also contains specific provisions relating to those limits of liability. The policy at issue expressly provides that "[t]he limit of liability shown in the Declarations for the cover-

age is our maximum limit of liability for each person injured in any one accident." More important, however, to the particular facts of this case, is the language in this policy which appears under the "LIMIT OF LIABILITY" provision, and states:

The limit of liability shown in the Declarations applicable to 'each person' is our maximum limit for all damages arising out of *bodily injury* sustained by one person as a result of any one accident. The limit of liability shown in the Declarations applicable to 'each occurrence' is our maximum limit for all damages arising out of *bodily injury* sustained by two or more persons as a result of any one accident.

One of the issues the certified question before us essentially raises is whether the minor children's claims for loss of parental consortium fall within the definition of bodily injury under the policy, and therefore would be subject to separate per person limits of liability. The insurance policy defines bodily injury as follows: "*'Bodily injury'* means bodily harm, sickness or disease, including death that results." The definition of bodily injury under this policy clearly does not include loss of consortium as a separate bodily injury.

The issue of whether minor children claiming loss of parental consortium are treated as separate injured persons subject to separate per person and per occurrence limits of liability is one of first impression for this Court.[7] In the cases we have reviewed from other jurisdictions, the insurance policy language relating to the per person limitation and defining bodily injury[8] varies to some degree. Yet, it appears

---

**5.** Pending the resolution of the dispute over the loss of parental consortium claim, Federal Kemper paid the sum of $200,000 into federal district court. which represented the policy limits of $100,000 for the bodily injuries of Mr. Karlet and $100,000 for the bodily injuries of Mrs. Karlet. The dispute concerns the remaining $100,000 under the per occurrence limit of liability.

**6.** An amicus brief was filed on behalf of the Trial Lawyers Association.

**7.** This Court, in *Perkins v. Doe*, 177 W.Va. 84, 87 n. 5, 350 S.E.2d 711, 715 n. 5 (1986), did express

its inclination to follow certain cases which had held that consortium claimants were entitled to extended coverage under an automobile insurance policy beyond that to which the bodily-injured party was entitled under the "per person" limitation.

**8.** Where the insurance policy language includes loss of services in the definition of bodily injury, courts have held that the loss of consortium claim is a separate bodily injury. *See Giardino v. Fierke*, 160 Ill.App.3d 648, 513 N.E.2d 1168 (1987) (language of policy clearly placed loss of services under definition of bodily injury and

to be fairly well-settled in other jurisdictions that where there is one person bodily-injured in an automobile accident and the automobile insurance policy contains a per person limitation which covers all damages arising out of bodily injury sustained by one person, the loss of consortium claim by either the injured person's spouse or child, who was not physically injured in the accident, is recognized as arising out of the claim of the bodily-injured person and subject to the per person limitation. *See Weekley v. State Farm Mutual Automobile Ins. Co.*, 537 So.2d 477 (Ala.1989); *Stillman v. American Family Ins.*, 162 Ariz. 594, 785 P.2d 114 (Ct.App.1990); *Hauser v. State Farm Mutual Automobile Ins. Co.*, 205 Cal.App.3d 843, 252 Cal. Rptr. 569 (1988); *Izzo v. Colonial Penn Ins. Co.*, 203 Conn. 305, 524 A.2d 641 (1987); *Creamer v. State Farm Mutual Automobile Ins. Co.*, 161 Ill.App.3d 223, 514 N.E.2d 214 (1987); *Lepic v. Iowa Mutual Ins. Co.*, 402 N.W.2d 758 (Iowa 1987); *Gillchrest v. Brown*, 532 A.2d 692 (Me. 1987); *Santos v. Lumbermens Mutual Casualty Co.*, 408 Mass. 70, 556 N.E.2d 983 (1990); *Bain v. Gleason*, 223 Mont. 442, 726 P.2d 1153 (1986); *Allstate Insurance Co. v. Pogorilich*, 605 A.2d 1318 (R.I.1992); *Richie v. American Family Mutual Ins. Co.*, 140 Wis.2d 51, 409 N.W.2d 146 (Wis. App.1987).[9] *See also* 8A John Alan Appleman, *Insurance Law and Practice* § 4893 (1981); Jane M. Draper, Annotation, *Consortium Claim of Spouse, Parent or Child of Accident Victim as Within Extended "Per Accident" Coverage Rather than "Per Person" Coverage of Automobile Liability Policy*, 46 A.L.R. 4th 735 (1986 & Supp.1992); Annotation, *Construction and Application of Provision in Liability Policy Limiting the Amount of Insurer's Liability to One Person*, 13 A.L.R. 3rd 1228 (1967 & Supp.1992). *Contra Allstate Ins. Co. v. Fibus*, 855 F.2d 660 (9th Cir.1988) (automobile policy which provided up to $100,000 for damages for bodily injury to any one person in one occurrence, and which did not expressly aggregate consortium claims with underlying bodily injury claims, would be interpreted to provide separate coverage for consortium claim); *Abellon v. Hartford*, 167 Cal.App.3d 21, 212 Cal.Rptr. 852 (1985) (although wife's cause of action arose from bodily injury to her husband, the injury suffered was personal to the wife and an injury to one's emotional and psychological state should be treated no differently than an injury to one's physical well-being); *Bilodeau v. Lumbermens Mutual Casualty Co.*,[10] 392 Mass. 537, 467 N.E.2d 137 (1984) (the phrase "injured person" included a loss-of-consortium claimant and the loss-of-consortium claimant must be considered a separate person from the bodily-injured person).

In *Pogorilich*,[11] the Supreme Court of Rhode Island recognized that the loss of consortium claim by a spouse who has not suffered a bodily injury is a derivative ac-

---

therefore wife's loss of consortium claim was not subject to the "each person" liability limit applicable to husband, but constituted a separate bodily injury within the meaning of the policy); *Allstate Ins. Co. v. Handegard*, 70 Or. App. 262, 688 P.2d 1387 (1984) (although husband's claim for loss of consortium arose out of his wife's bodily injury, the policy defined "loss of services" as a bodily injury and therefore the husband's claim for loss of consortium was a separate bodily injury).

**9.** Some of the cases cited above address issues involving uninsured or underinsured motorist coverage rather than liability coverage. However, as pointed out by the Court of Appeals of Arizona in *Stillman*, "there is no reasoned basis for differentiating between liability and uninsured provisions when interpreting 'one person'

and 'one occurrence' issues." 162 Ariz. at 598, 785 P.2d at 118.

**10.** In *Santos v. Lumbermens Mutual Casualty Co.*, the Supreme Judicial Court of Massachusetts recognized that the Commissioner of Insurance had promulgated a mandatory endorsement, modifying the "per person" liability language, to eliminate the effect of the court's decision in *Bilodeau.* 556 N.E.2d at 988.

**11.** In the *Pogorilich* case, the husband was seriously injured in an automobile accident. The issue presented by certified question was whether the claim of his wife, who was not injured, for loss of consortium had to be satisfied out of the $200,000 "each person" policy limit of uninsured/underinsured motorist coverage or whether the $600,000 "each accident" limit of uninsured/underinsured motorist coverage applied.

tion, and found that the "each person" limitation therefore applies. In so finding, the court explained:

> The term 'each person' is the total limit for all damages arising out of bodily injury to one person in any one motor vehicle accident. It is undisputed that in the case at bar [the husband] was the only person who suffered bodily injury in the motor vehicle accident.... Although [the wife] was entitled to bring an action for loss of consortium ..., her action was derivative and could not be construed as an independent action for bodily injury.... [T]he loss of consortium claim is derived from the bodily injury suffered by the spouse and is not truly independent but rather derivative and attached inextricably to the claim of the injured spouse.

605 A.2d at 1320.

The Supreme Court of Connecticut, in *Izzo*, also explained why the per person limit of liability applies to damages for loss of consortium resulting from bodily injury to one person:

> An often cited reason for holding that a spouse's claim for loss of consortium is included within the 'per person' limit of liability for damages because of bodily injury to one person is that the term 'one person' repeatedly has been construed to refer to the person injured directly and the words 'each occurrence' to include the injuries of several persons, regardless of how many persons may suffer loss.... The limitation applies to all damages sustained by all persons as a result of *bodily injury to one person.* This construction does not render the 'per occurrence' limit a nullity because that provision applies to situations where

more than 'one person' suffers 'bodily injury' in a single occurrence.

524 A.2d at 644 (emphasis added).[12]

We are persuaded by the reasoning of the numerous jurisdictions cited above which have held that, where the language of the policy is clear and unambiguous, claims for damages for loss of consortium, arising out of bodily injury to one person in one accident, are subject to the per person limit of liability. Thus, we clarify that when a person is bodily injured in an automobile accident, an individual other than the bodily-injured person may also suffer damages as a result of such accident through loss of consortium. The claim for loss of consortium by an individual other than the one suffering bodily injury as a result of an automobile accident is generally recognized as arising out of the claim for damages of the bodily-injured person. As a result, the claim of the bodily-injured person and the claim for loss of consortium are covered within the same per person limit of liability provisions under the automobile insurance policy. More specifically, when the per person limit of liability in a policy provides coverage for "all damages arising out of bodily injury sustained by one person as a result of one accident," both the claim of the bodily injured person and the claim for loss of consortium are covered within the same per person limit of liability, and recovery for both claims may not exceed the fixed amount of the maximum limit of damages under the per person limit of liability. If, however, there is language in the policy which includes loss of consortium as a separate bodily injury, such loss of consortium claim is entitled to a separate per person limit of liability.

### III

For the reasons set forth herein, the certified question presented to this Court is

---

**12.** The Supreme Court of Connecticut also noted a discussion in 8A Appleman, *Insurance Law and Practice* § 4893, p. 60 (1981):

> [I]t often happens that there are consequential damages, as well as the damages suffered by the injured person himself. Thus, where a wife or child is injured, the husband or parent may also suffer consequential injuries by reason of liability for hospital and doctor bills or

for loss of services or consortium. But it has been held that these different types of injuries cannot be split up, in order to bring the claim within the higher policy limits; they are regarded as essentially injuries to one person, so that the lower policy limits applicable to injuries sustained by any one person would govern.

524 A.2d at 644 n. 5.

answered in the negative.[13] Having answered the certified question, this case is dismissed from the docket of this Court.

Certified question answered and case dismissed.

**13.** The loss of consortium claims raised by the Karlets arise out of bodily injuries to more than one person. One issue that was raised at oral argument but was not certified to this Court nor briefed by the parties involves the interpretation of the per occurrence limit of liability provision when two or more persons sustain bodily injuries. Although this issue has not been properly raised before us, we do recognize that other courts which have interpreted the meaning of the each occurrence limit of liability have fo-

cused their analysis, in large part, on whether the per occurrence limit of liability is expressly made subject to the per person limit of liability. *Andrews v. Nationwide Mutual Ins. Co.,* 124 N.H. 148, 467 A.2d 254 (1983); *Farm Bureau Mutual Ins. Co., Inc. v. Winters,* 248 Kan. 295, 806 P.2d 993 (1991); *Haney v. State Farm Ins. Co.,* 52 Wash.App. 395, 760 P.2d 950 (1988). These courts, however, do not address the loss of consortium issue.