457 S.E.2d 532

**Donna DAVIS, Individually and as the Administratrix of the Estate of Arlo Davis, Jr., Plaintiff Below, Appellant,**

v.

**William FOLEY, Arthur Wilkins, James Herron, Nationwide Mutual Insurance Company, Westfield Insurance Company, and Integon Insurance, DBA New South Insurance Company, Defendants Below, Appellees.**

No. 22361.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 24, 1995.

Decided April 14, 1995.

Catherine D. Munster and Robert W. Trumble, McNeer, Highland & McMunn, Clarksburg, for appellee, Westfield Ins. Co.

Michael D. Lorenson and Stuart A. McMillan, Bowles, Rice McDavid Graff & Love, Martinsburg, for appellee, Nationwide Mut. Ins. Co.

Patrick J. Nooney, Steptoe & Johnson, Hagerstown, MD, for appellees, William Foley and Integon Ins.

Oscar Bean, Bean & Bean, Moorefield, for appellees, Arthur Wilkins and James Herron.

McHUGH, Justice:

The appellant, Donna. Davis appeals the January 19, 1994 orders of the Circuit Court of Hampshire County which granted summary judgment in favor of the appellees, Nationwide Mutual Insurance Company (hereinafter "Nationwide") and Westfield Insurance Company (hereinafter "Westfield") in a wrongful death action.[1] For reasons set forth below, we affirm the order of the circuit court.

## I

This case arose after the appellant's son, Arlo Davis, Jr., was killed in an automobile accident on December 28, 1992. The decedent was a passenger in an automobile driven by his brother, Todd Davis, and owned by William Foley. The appellant was insured by Westfield, and the Foley automobile was insured by Integon Insurance Company, dba New South Insurance Company.[2] The Westfield policy provided underinsurance coverage of $50,000 per person and $100,000 per occurrence.

The automobile accident occurred when a vehicle owned by Arthur Wilkins and operated by James Herron crossed the center line and struck the Foley vehicle. The Wilkins' vehicle was insured by Nationwide. The Nationwide policy has liability limits of $25,000 per person and $50,000 per occurrence.

The decedent, who was not married and has no children, is survived by his mother,

Homer A. Speaker and Dale Buck, Martinsburg, for appellant.

1. *W.Va.Code*, 55–7–5 [1931] sets forth when a wrongful death action may be maintained.

2. Integon Insurance was dismissed from this case, with prejudice, by an order dated January 19, 1994.

father and two brothers. The appellant, who is the decedent's mother, filed a complaint seeking relief for loss of consortium, seeking relief for the wrongful death of the decedent, and seeking a declaratory judgment against the appellees. With respect to the declaratory judgment action, the appellant contended that in a wrongful death action the appellees should provide coverage under their respective insurance policies up to the per occurrence limit rather than up to the per person limit.

Nationwide has paid the appellant $25,000, which is the per person limit under the policy, and the appellee, Westfield, has paid the appellant $50,000, which is the per person limit under its policy. The appellant asserted that she has a right to collect more than one per person limit from the appellees since more than one person has a claim pursuant to the wrongful death action. The trial court below disagreed; and therefore, granted the appellees' motions for summary judgment from which the appellant appeals.

## II

We are mindful that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Furthermore, as we acknowledged in syllabus point 2 of *Miller v. Whitworth*, 193 W.Va. 262, 455 S.E.2d 821 (1995), " '[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syl. pt. 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963)." Lastly, " '[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.' Syl. pt. 4, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755

(1994)." Syl. pt. 3, *Cannelton Industries, Inc. v. Aetna Casualty & Surety Co. of America*, —— W.Va. ——, 460 S.E.2d 1 (1994). With this in mind, we will now examine the case before us.

## III

The issue before us is as follows: does a wrongful death action give rise to a per person claim for damages for each person having a claim thereunder up to the per occurrence limits of liability, underinsured, or uninsured coverages, or does only a single per person limit apply no matter how many individuals might have suffered damages as a result of a single death.[3] The appellant alleges that a wrongful death action gives rise to a per person claim for damages for each person having a claim thereunder up to the per occurrence limits of liability, underinsured, or uninsured coverages. Conversely, the appellees assert that their insurance policies clearly limit recovery to a single per person limit in a wrongful death action no matter how many individuals might have suffered damages as a result of a single death.

The relevant portion of appellee Nationwide's insurance policy states:

Bodily injury limits shown for any one person are for all legal damages, including all derivative claims, claimed by anyone for **bodily injury** to one person as a result of one occurrence. Subject to this limit for any one person, the total limit of our liability shown for each occurrence is for all damages, including all derivative claims, due to **bodily injury** to two or more persons in any one occurrence.

Similarly, appellee Westfield's insurance policy asserts, in relevant part:

If the Declarations indicates an 'each person' and 'each accident' limit of liability for Underinsured Motorist Coverage, the limit of liability shown in the Declarations for 'each person' for Underinsured Motorist Bodily Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising **out of bodily injury** sustained by any one

---

**3.** We have acknowledged that there is no need to distinguish between uninsured, underinsured, and liability coverages when interpreting "per

person" and "per occurrence" issues. *See Federal Kemper Ins. Co. v. Karlet*, 189 W.Va. 79, 82 n. 9, 428 S.E.2d 60, 63 n. 9 (1993).

person in any one accident. Subject to this limit for 'each person', the limit of liability shown in the Declarations for 'each accident' for Underinsured Motorist Bodily Injury Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident with an **underinsured motor vehicle.** The limit of liability shown in the Declarations for 'each accident' for Underinsured Motorist Property Damage Coverage is our maximum limit of liability for all damages to all property resulting from any one accident. This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made[.]

Both policies clearly limit coverage when there is a single death or bodily injury to per person limits for derivative claims.[4]

This Court recently discussed an analogous insurance provision when addressing a similar issue in *Federal Kemper Ins. Co. v. Karlet,* 189 W.Va. 79, 428 S.E.2d 60 (1993).[5] The issue in *Karlet* was whether the minor children claiming loss of parental consortium were to be "treated as separate injured persons, subject to separate 'per person' and 'per occurrence' insurance liability limits, based on language in an automobile insurance policy." *Id.* 189 W.Va. at 80, 428 S.E.2d at 61 (footnote omitted). After examining case law from other jurisdictions, this Court concluded:

When a person is bodily injured in an automobile accident, an individual other than the bodily-injured person may also suffer damages as a result of such accident through loss of consortium. The claim for loss of consortium by an individual other than the one suffering bodily injury as a result of an automobile accident is generally recognized as arising out of the claim for

damages of the bodily-injured person. As a result, the claim of the bodily-injured person and the claim for loss of consortium are covered within the same per person limit of liability provisions under the automobile insurance policy. More specifically, when the per person limit of liability in a policy provides coverage for 'all damages arising out of bodily injury sustained by one person as a result of one accident,' both the claim of the bodily injured person and the claim for loss of consortium are covered within the same per person limit of liability, and recovery for both claims may not exceed the fixed amount of the maximum limit of damages under the per person limit of liability. If, however, there is language in the policy which includes loss of consortium as a separate bodily injury, such loss of consortium claim is entitled to a separate per person limit of liability.

Syllabus, *Karlet, supra.*

Thus, we recognized that a loss of consortium claim arises out of a claim for damages of the bodily-injured person thereby limiting recovery of damages in a loss of consortium claim to the per person limit unless there is language in the insurance policy which includes loss of consortium as a separate bodily injury. In other words, the loss of consortium claim is a derivative action arising out of the bodily-injured person. The appellees argue that *Karlet* is applicable to the case before us.

The appellant, however, contends a wrongful death action, unlike a claim for loss of consortium, is an independent action and not a derivative action. The appellant points out the wrongful death action is "patterned after an English statute known as Lord Campbell's Act [which] allows an action for wrongful death upon the loss sustained by the

---

4. The word "derivative" has been defined as "[t]hat which has not its origin in itself, but owes its existence to something foregoing." *Black's Law Dictionary* 443 (6th ed. 1990).

5. Specifically, the insurance provision which was discussed in *Karlet* states:
'The limit of liability shown in the Declarations applicable to "each person" is our maximum

limit for all damages arising out of *bodily injury* sustained by one person as a result of any one accident. The limit of liability shown in the Declarations applicable to "each occurrence" is our maximum limit for all damages arising out of *bodily injury* sustained by two or more persons as a result of any one accident.'
*Karlet,* 189 W.Va. at 81, 428 S.E.2d at 62.

beneficiaries of the recovery, rather than on the injuries suffered by the deceased or his estate." *Walker v. Walker,* 177 W.Va. 35, 38, 350 S.E.2d 547, 549 (1986), superseded by statute on other grounds as stated in *Arnold v. Turek,* 185 W.Va. 400, 407 S.E.2d 706 (1991).

To further support her position, the appellant focuses on *W.Va.Code,* 55–7–6 [1992] which states that a wrongful death action is "brought by and in the name of the personal representative of such deceased person ... and the amount recovered in every such action shall be recovered by said personal representative and be distributed ...," *W.Va. Code,* 55–7–6(a) [1992], "to the surviving spouse and children, including adopted children and stepchildren, brothers, sisters, parents and any persons who were financially dependent upon the decedent at the time of his or her death or would otherwise be equitably entitled to share in such distribution[.]" *W.Va.Code,* 55–7–6(b) [1992]. Additionally, *W.Va.Code,* 55–7–6(c)(1) [1992] outlines the factors which may be considered when determining damages in a wrongful death action:

(A) Sorrow, mental anguish, and solace which may include society, companionship, comfort, guidance, kindly offices and advice of the decedent; (B) compensation for reasonably expected loss of (i) income of the decedent, and (ii) services, protection, care and assistance provided by the decedent; (C) expenses for the care, treatment and hospitalization of the decedent incident to the injury resulting in death; and (D) reasonable funeral expenses.

The appellant argues that each person who is entitled to the above damages has an independent claim for damages; therefore, each person should be allowed to collect from the insurance company up to the per occurrence limit. The appellant asserts that even though the statute specifies that only a personal representative of the deceased may bring a wrongful death action, such requirement is for convenience, not for the purpose of limiting the recovery to the per person limits of an insurance policy.

We disagree. The damages provided for in the wrongful death statute are not unlike the damages recoverable in a loss of consortium claim: both arise out of the death or injury of another person. As one court stated, in the wrongful death action "[t]he estate and the survivors suffered loss, not directly from the collision, but from the loss of the deceased who was killed in the accident. All their claims are derivative from the deceased as was the husband's consortium claim[.]" *Jones v. Zagrodnik,* 600 So.2d 1265, 1266 (Fla.Dist.Ct.App.1992). Essentially, the beneficiaries have not suffered bodily injury as defined by many insurance policies. *See Karlet, supra.*

Moreover, other courts addressing the issue of whether the per person limits or the per occurrence limits apply in a wrongful death action have come to a similar conclusion. We acknowledge that the language in the different insurance policies relating to the per person limitation and defining bodily injury varies to some degree. We also acknowledge that the various wrongful death statutes vary to some degree. However, the basic premise appears fairly well-settled in other jurisdictions: the beneficiaries' claims in a wrongful death action arise out of the death of the deceased, thereby limiting recovery in a wrongful death action to the per person limit rather than to the per occurrence limit. *See Jones, supra; Nationwide Mut. Ins. Co. v. Moya,* 837 P.2d 426, 429 (Nev.1992) (A majority of cases hold "that damages for loss of consortium or wrongful death—resulting from 'bodily injury' to one person—are subject to the 'each person' limit"); *Lewis v. Dairyland Ins. Co.,* 831 P.2d 985, 987 (N.M.1992) ("We ... hold that our wrongful death statutes permit only one claim for damages for the death of one person"); *Mutual of Enumclaw Ins. Co. v. Knight,* 833 P.2d 339 (Or.Ct.App.1992) (In a wrongful death action recovery is limited to the "each person" limit when the insurance policy clearly states that regardless of the number of claims made from the death of one person the "each person" limit applies); *Cradoct v. Employers Casualty Co.,* 733 S.W.2d 301 (Tex.Ct.App.1987); *Hutton v. Martin,* 43 Wash.2d 574, 262 P.2d 202 (1953); 15A George J. Couch, *Couch on Insurance 2d* § 56.22 (2d 1983). *Cf. Herring v. Lumbermen's Mut. Casualty Co.,* 144 Ariz. 254, 697 P.2d 337 (Ariz.1985) (The beneficiaries' claim

in a wrongful death action arises out of the death of the decedent); *Hara v. Island Ins. Co., Ltd.,* 759 P.2d 1374, 1376 (Haw.1988) (Wrongful Death claims "are derivative and therefore, for purposes of tort liability, stand or fall with the claim of the person actually injured"); 1 Alan Widiss, *Uninsured and Underinsured Motorist Insurance* § 12.4 (2d ed. 1992) ("Courts have almost uniformly held that persons who sustain consequential damages have not sustained bodily injuries *in* an accident and, therefore, the Limit of Liability for one injured person applies regardless of how many uninsured motorist insurance claims there may be by individuals who suffered consequential damages" (footnote omitted)). *But see* syl. pt. 1, *Savoie v. Grange Mut. Ins. Co.,* 67 Ohio St.3d 500, 620 N.E.2d 809 (1993) ("Each person who is presumed to have been damaged as a result of a wrongful death claim may, to the extent of his or her damages, collect from the tortfeasor's liability policy up to its per person limits subject to any per accident limit. Liability policy provisions which purport to consolidate wrongful death damages suffered by individuals into one 'each person' policy limit are unenforceable" (citations omitted)) and *Wood v. Shepard,* 38 Ohio St.3d 86, 526 N.E.2d 1089 (Ohio 1988) (The majority held that each person who is entitled to recover for a wrongful death has a separate claim and is, therefore, not subject to the single person limit in the underinsured motorist provision. The dissent noted that the majority's holding was against the great weight of authority in other jurisdictions which have determined that the per person limit applies in a wrongful death action regardless of the number of individuals seeking compensation).

■ We agree with the appellees that the holding in *Karlet, supra,* should be extended to include the facts in the case before us. Accordingly, we hold that the damages in a wrongful death action arise out of the death of the decedent thereby making a wrongful death action a derivative claim. As a result, when language in an insurance policy clearly limits recovery of derivative claims to the per person limit, the per occurrence limit does not apply even though "the surviving spouse and children, including adopted children and stepchildren, brothers, sisters, parents and any persons who were financially dependent upon the decedent at the time of his or her death ..." are entitled to share in the recovery in a wrongful death action pursuant to *W.Va.Code,* 55-7-6 [1992]. However, if there is language in the insurance policy which includes damages from a wrongful death as a separate bodily injury, then each person recovering from the wrongful death is entitled to a separate per person limit.

Based upon the above, the Circuit Court of Hampshire County properly granted the appellees' motions for summary judgment. Thus, we affirm.

Affirmed.

NEELY, C.J., deeming himself disqualified, did not participate.

RANSON, J., sitting by temporary assignment.