484 S.E.2d 217

**DAIRYLAND INSURANCE COMPANY, Plaintiff Below, Appellee,**

v.

**Nancy Estella WESTFALL, Executrix of the Estate of Charles W. Westfall, Deceased, Defendant Below, Appellant.**

**No. 23471.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 15, 1997.

Decided March 14, 1997.

---

Patrick E. McFarland, Parkersburg, for Appellant.

Robert P. Martin, Anita R. Casey, Christopher J. Pyles, Meyer, Darragh, Buckler, Bebenek & Eck, Charleston, for Appellee.

PER CURIAM:

This action is before this Court upon an appeal from the final order of the Circuit Court of Wood County, West Virginia, entered on February 8, 1996. The appellant is Nancy Estella Westfall, executrix of the estate of Charles W. Westfall, deceased. The decedent was killed when the automobile he was driving was struck by an automobile driven by an individual insured by the appellee, Dairyland Insurance Company. According to the appellant, she and her son, Dirk Westfall, are each entitled to recover the per person limit of liability set forth in the automobile liability insurance policy issued to the individual by Dairyland. The circuit court, however, granted summary judgment for Dairyland, holding that the insurance proceeds available under the policy were limited to a single per person limit of liability.

This Court has before it the petition for appeal, all matters of record and the briefs and argument of counsel. For the reasons stated below, this Court is of the opinion that the appellant is correct in her assertion that, under the Dairyland policy, she and her son are each entitled to recover the per person limit of liability. Therefore, we reverse the summary judgment.

I

On November 11, 1993, Charles W. Westfall was killed when the automobile he was driving was struck by an automobile driven by an individual insured by Dairyland. The decedent was survived by his wife, the appellant, and by his son, Dirk Westfall. Included in the various stipulations between the parties was the fact that both the appellant and her son sustained a loss of services as a result of the decedent's death. Specifically, the final order states that the parties stipulated as follows:

(1) that Nancy Westfall (the decedent's surviving spouse) and Dirk Westfall (the decedent's son) are each beneficiaries [of] the estate of Charles Westfall, as designated by the West Virginia Wrongful Death Statute; (2) that Nancy Westfall and Dirk Westfall each sustained a loss of Charles Westfall's services as a result of Mr. Westfall's death; and (3) that Nancy Westfall and Dirk Westfall were each financially dependent upon Charles Westfall at the time of his death.

Following the accident, an action in tort styled *Nancy Estella Westfall, Individually and as Executrix of the Estate of Charles Wendell Westfall, and Dirk Westfall v. Stephen Allen Bowles and Dairyland Insurance Company*, Civil Action No. 95–C–224, was filed by the appellant in Wood County. That action gave rise to the current matter, i.e., a declaratory judgment action instituted by Dairyland concerning the per person limit of liability set forth in the policy.

The automobile liability insurance policy issued by Dairyland provided that the available limit of liability under the policy was $20,000 for each person and $40,000 for each accident. Moreover, the policy stated:

This insurance covers bodily injury, *including loss of services*, sickness, disease or death which results from the injury, caused by a car accident and suffered by any person.

. . . .

The limits of liability shown on the declarations page are the maximum amounts

we'll pay in damages for any one car accident.

The limit for 'each person' is the limit for all claims by all persons for damages from bodily injury to one person. The limit for 'each accident' is the total limit for all claims for damages from bodily injury to two or more people in any one car accident.

(emphasis added).

As stated above, the circuit court held that the insurance proceeds available to the appellant and her son, under the Dairyland policy, were limited to a single per person limit of liability. In particular, the final order of February 8, 1996, states: "[I]t is hereby Ordered that the automobile liability insurance proceeds available in this case shall be limited to the 'per person' limit of liability set forth in the applicable policy of insurance, that being $20,000.00."

## II

In syllabus point 3 of *Cox v. Amick*, 195 W.Va. 608, 466 S.E.2d 459 (1995), this Court held that "[a] circuit court's entry of a declaratory judgment is reviewed *de novo.*" *See also* syl. pt. 1, *Randolph County Board of Education v. Adams*, 196 W.Va. 9, 467 S.E.2d 150 (1995). More specific to this action, however, is the comparable holding expressed in syllabus point 1 of *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994): "A circuit court's entry of summary judgment is reviewed *de novo.*" *See also* syl. pt. 1, *Koffler v. City of Huntington*, 196 W.Va. 202, 469 S.E.2d 645 (1996).

Here, the appellant asserts that, inasmuch as the Dairyland policy specifically includes "loss of services" in its definition of bodily injury, and because, as stipulated, the appellant and her son each sustained a loss of services from the death of the decedent, both the appellant and her son sustained an injury within the meaning of the policy. Therefore, according to the appellant, she and her son are each entitled to recover the per person limit of liability.[1] Dairyland, on the other hand, asserts that the claims of the appellant and her son are derivative in nature and relate back to the primary harm suffered by the decedent. Thus, according to Dairyland, the inclusion of "loss of services" within the definition of bodily injury in the policy is not sufficient to make separate per person limits available. Therefore, asserts Dairyland, the circuit court was correct in holding that a single per person limit of liability should apply.

In *Federal Kemper Insurance Company v. Karlet*, 189 W.Va. 79, 428 S.E.2d 60 (1993), Herbert Karlet and his wife, Luanna Karlet, were injured in an automobile accident caused by an insured of the Federal Kemper Insurance Company. The issue before this Court, however, was limited to whether the loss of consortium claims of the Karlet's minor children were included within the definition of bodily injury under the Federal Kemper policy. If so included, the childrens' claims under the policy were to be considered independent of the claims of their parents, thus, entitling the children to separate per person limits of liability. According to Federal Kemper, the claims of the children arose from the bodily injuries suffered by their parents and were not independent claims.

The Federal Kemper policy in *Karlet* stated that "[t]he limit of liability shown in the Declarations applicable to 'each person' is

---

1. As indicated above, in addition to stipulating that both the appellant and her son sustained a loss of services as a result of the decedent's death, the parties stipulated that the appellant and her son were each beneficiaries of the estate of Charles Westfall, "as designated by the West Virginia Wrongful Death Statute [.]"

The right to maintain an action for wrongful death is provided by *W. Va.Code*, 55–7–5 [1931]. *Baldwin v. Butcher*, 155 W.Va. 431, 433–34, 184 S.E.2d 428, 429 (1971). Moreover, *W. Va.Code*, 55–7–6(c)(1) [1992], concerning damages in wrongful death actions, states:

The verdict of the jury shall include, but may not be limited to, damages for the following: (A) Sorrow, mental anguish, and solace which may include society, companionship, comfort, guidance, kindly offices and advice of the decedent; (B) *compensation for reasonably expected loss of* (i) income of the decedent, and (ii) *services,* protection, care and assistance provided by the decedent; (C) expenses for the care, treatment and hospitalization of the decedent incident to the injury resulting in death; and (D) reasonable funeral expenses. (emphasis added).

our maximum limit for all damages arising out of *bodily injury* sustained by one person as a result of any one accident." The Federal Kemper policy defined *bodily injury* as "bodily harm, sickness or disease, including death that results." As the opinion in *Karlet* observed, "[t]he definition of bodily injury under this policy clearly does not include loss of consortium as a separate bodily injury." 189 W.Va. at 81, 428 S.E.2d at 62. Based upon the above policy language, this Court held, in *Karlet,* that the claims of the children for loss of consortium were derivative of their parents' claims and not subject to a separate per person limit of liability.

In *Karlet,* however, this Court indicated that, had the definition of *bodily injury* in the Federal Kemper policy been different, a different result may have been warranted. As the *Karlet* opinion acknowledged:

> Where the insurance policy language includes loss of services in the definition of bodily injury, courts have held that the loss of consortium claim is a separate bodily injury. *See Giardino v. Fierke,* 160 Ill.App.3d 648 [112 Ill.Dec. 559], 513 N.E.2d 1168 (1987) (language of policy clearly placed loss of services under definition of bodily injury and therefore wife's loss of consortium claim was not subject to the 'each person' liability limit applicable to husband, but constituted a separate bodily injury within the meaning of the policy); *Allstate Ins. Co. v. Handegard,* 70 Or.App. 262, 688 P.2d 1387 (1984) (although the husband's claim for loss of consortium arose out of his wife's bodily injury, the

policy defined 'loss of services' as a bodily injury and therefore the husband's claim for loss of consortium was a separate bodily injury).

189 W.Va. at 81 n. 8, 428 S.E.2d at 62 n. 8.[2] *See also annot.,* 46 A.L.R.4th 735, 1986 WL 361432 (1986).

The principles of *Karlet* were subsequently discussed by this Court in *Davis v. Foley,* 193 W.Va. 595, 457 S.E.2d 532 (1995). In *Davis,* the decedent was killed in an automobile accident caused by an insured of Nationwide Mutual Insurance Company. The decedent's mother, in an action for wrongful death, asserted that under the Nationwide policy, and under her underinsurance coverage provided by the Westfield Insurance Company, she was entitled to recover upon a per occurrence, rather than upon a per person, basis. The issue thus expressed by this Court was whether such a wrongful death action gives rise to a "per person claim for damages for each person having a claim thereunder up to the per occurrence limits of liability, underinsured, or uninsured coverages, or does only a single per person limit apply no matter how many individuals might have suffered damages as a result of a single death." 193 W.Va. at 597, 457 S.E.2d at 534.

In *Davis,* we noted that both the Nationwide and Westfield policies clearly limited coverage in the case of a single death or bodily injury "to per person limits for derivative claims." 193 W.Va. at 598, 457 S.E.2d at 535.[3] Thus, holding that the mother's wrongful death action arose from the death of the decedent, in the context of the insur-

---

**2.** In *Giardino,* the insurance policy defined *bodily injury* as follows: "Bodily Injury means bodily injury to any person and includes sickness, disease, death or loss of services[.]" Moreover, in *Handegard,* the insurance policy contained the following definition of bodily injury: "*Bodily injury,* sickness, disease or death to any person, including loss of services [.]"

**3.** The relevant portion of the Nationwide policy, in *Davis,* stated:

> Bodily injury limits shown for any one person are for all legal damages, including all derivative claims, claimed by anyone for bodily injury to one person as a result of one occurrence. Subject to this limit for any one person, the total limit of our liability shown for each occurrence is for all damages, including all derivative claims, due to bodily injury to two or more persons in any one occurrence.

The relevant portion of the Westfield policy, in *Davis,* stated:

> If the Declarations indicates an 'each person' and 'each accident' limit of liability for Underinsured Motorist Coverage, the limit of liability shown in the Declarations for 'each person' for Underinsured Motorist Bodily Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of bodily injury sustained by any one person in any one accident. Subject to this limit for 'each person', the limit of liability shown in the Declarations for 'each accident' for Underinsured Motorist Bodily Injury Coverage is our maximum limit of liability for all damages for bodily injury resulting from any one accident with an underinsured motor vehicle. The limit of liability shown in the Declarations for 'each accident' for Underinsured Motorist Property Damage

ance policies, this Court affirmed summary judgments for Nationwide and Westfield. As we held, in *Davis*, in syllabus point 4:

The damages in a wrongful death action arise out of the death of the decedent thereby making a wrongful death action a derivative claim. As a result, when language in an insurance policy clearly limits recovery of derivative claims to the per person limit, the per occurrence limit does not apply even though 'the surviving spouse and children, including adopted children and stepchildren, brothers, sisters, parents and any persons who were financially dependent upon the decedent at the time of his or her death ...' are entitled to share in the recovery in a wrongful death action pursuant to *W. Va.Code*, 55–7–6 [1992]. However, if there is language in the insurance policy which includes damages from a wrongful death as a separate bodily injury, then each person recovering for the wrongful death is entitled to a separate per person limit.

Upon a review of the circumstances of this action, and particularly in view of the inclusion of "loss of services" within the definition of bodily injury in the Dairyland policy, this Court is of the opinion that the latter part of syllabus point 4 of *Davis* is dispositive. Specifically, the Dairyland policy states that "[t]his insurance covers bodily injury, *including loss of services*, sickness, disease or death which results from the injury, caused by a car accident and suffered by any person." (emphasis added). As the parties stipulated, "Nancy Westfall and Dirk Westfall each sustained a loss of Charles Westfall's services as a result of Mr. Westfall's death." In *Karlet, supra*, we indicated that where the insurance policy language includes *loss of services* in the definition of bodily injury, courts have held that the loss of consortium claim is a separate bodily injury. Where, as here, the appellant has focused directly upon a loss of services claim, rather than upon a

claim for loss of consortium, the principles of *Karlet, a fortiori*, warrant a finding of separate injuries. Although, as we recognized in *Davis*, there are variances in the language of insurance policies relating to the per person limitation, 193 W.Va. at 599, 457 S.E.2d at 536, our conclusion in this action is mandated by the specific language of the Dairyland policy.

Therefore, inasmuch as the Dairyland policy includes "loss of services" in its definition of bodily injury, and because, as stipulated, the appellant and her son each sustained a loss of services from the death of the decedent, both the appellant and her son sustained an injury within the meaning of the policy. Accordingly, the appellant and her son are each entitled to recover the per person limit of liability set forth in the automobile liability insurance policy issued by Dairyland. The summary judgment for Dairyland is reversed, and this action is remanded to the Circuit Court of Wood County for proceedings consistent with this opinion.

Reversed and remanded.

---

Coverage is our maximum limit of liability for all damages to all property resulting from any one accident. This is the most we will pay regardless of the number of:
1. Insureds;
2. Claims made [.]

193 W.Va. at 597–98, 457 S.E.2d at 534–35.

It should be noted that, although the Westfield policy contains the phrase "loss of services ...

arising out of bodily injury," that language was not directly addressed by this Court in the *Davis* opinion. In any event, that phrase is not identical to the language of the Dairyland policy now before us. Rather, the language of the Dairyland policy, which includes "loss of services" within the meaning of bodily injury, is comparable to the definitions of bodily injury found in *Giardino* and *Handegard*. *See* n. 2, *supra*.