# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**James M. Porter,**
**Plaintiff Below, Petitioner**

**vs) No. 15-0520** (Logan County 12-C-63)

**Logan County Fire Department**
**Station 2, Inc.,**
**Defendant Below, Respondent**

**FILED**

**April 29, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner James M. Porter, by counsel Steven S. Wolfe, appeals the April 27, 2015, order of the Circuit Court of Logan County denying his motion for reconsideration of the grant of summary judgment to respondent. Respondent the Logan County Fire Department Station 2, Inc., by counsel John R. McGhee Jr. and William M. Swann, filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The Respondent fire department is a private, non-profit, volunteer organization located in Man, West Virginia. It was formed in 1984 as a non-stock, non-profit, private corporation. Petitioner was a volunteer with respondent from the mid-1980s until 2011, during which time he served as a member and officer of respondent, including serving as the fire chief. On June 27, 2010, respondent notified petitioner that fire departments were required by fire marshal regulations and fire department member expectations to meet at least a 25% participation rate, though petitioner had fallen below that level.[1] On February 16, 2011, respondent suspended petitioner for acts of insubordination related to an incident involving respondent's dispatch to a motor vehicle accident. At that time, it also warned petitioner that further acts of insubordination would result in termination of his member status. Later that year, respondent became aware of negative comments petitioner was making about respondent, and respondent's officers terminated petitioner by letter dated August 6, 2011, for "conduct detrimental to the department." Prior to his receipt of respondent's letter, petitioner learned that he was being terminated. He faxed a resignation letter to respondent on August 8, 2011.

---

[1] The West Virginia State Fire Commission, Administrative Policy, Requirements for Local Fire Departments, Section 4.02 in effect at all times relevant to this action requires that an active firefighting member participate in a minimum of 25% of the department's activities.

1

On March 9, 2012, petitioner filed suit against respondent alleging that his termination was "wrongful, unlawful, and retaliatory" because he requested to review and inspect financial documents of respondent and because he was a "whistleblower" in reporting financial issues and alleging violations of the Open Meetings Act. From August of 2010 until August of 2011, petitioner requested information regarding respondent's finances and operations, and responses were provided to petitioner. Petitioner alleged that respondent was not spending its general revenue funds appropriately, but he did not allege the misuse of county or State funds. Specifically, he alleged "financial impropriety" related to general revenue funds raised through the soft drink machines on the premises and fundraising activities, such as spaghetti dinners. According to the circuit court's order, petitioner failed to provide proof of the alleged expenditures and the expenditures alleged were not significant.

In its February 3, 2015, "Order Granting Defendant's Renewed and Supplemented Motion for Summary Judgment," the circuit found that respondent provided justification for petitioner's dismissal based on his conduct, whether or not one was needed in light of the fact that petitioner had not presented any health, safety, moral, or public welfare basis or discrimination to establish a substantial public policy regarding his termination. It also found that petitioner was an at-will member of respondent and his membership was subject to termination at-will. The circuit court went on to find that the public policy of West Virginia should not extend to the decisions of a private, non-profit, voluntary organization regarding its rules of membership and the use of its general revenue funds when such decisions do not violate recognized public policy concerns. Finally, the circuit court found that there were no genuine issues of material fact and granted summary judgment to respondent.

Petitioner filed his motion for reconsideration or rehearing from that order on February 12, 2015. On April 27, 2015, the circuit court entered its order denying petitioner's motion for reconsideration. Petitioner appeals from that order.

In his motion for reconsideration, petitioner stated that it was filed pursuant to both Rules 59(e) and 60(b) of the West Virginia Rules of Civil Procedure, and the motion was filed within ten days of the entry of the February 3, 2015, order granting summary judgment to respondent. Pursuant to syllabus point three of *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974), "[a]n appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order." "In reviewing an order denying a motion under Rule 60(b), W.Va.R.C.P., the function of the appellate court is limited to deciding whether the trial court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown in a timely manner." Syl. Pt. 4, *Toler*. However, "'[t]he standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W.Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed.' Syl. Pt. 1, *Wickland v. American Travellers Life Ins.*, 204 W.Va. 430, 513 S.E.2d 657 (1998)." Syl. Pt. 2, *W.Va. Dep't of Transp., Div. of Highways v. Dodson Mobile Homes Sales and Services, Inc.*, 218 W.Va. 121, 624 S.E.2d 468 (2005). This Court has indicated that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Davis v. Foley,* 193 W.Va. 595, 457 S.E.2d 532 (1995) (citing Syl. Pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994)).

2

On appeal, petitioner asserts three assignments of error. First, he contends that the circuit court erred by failing to apply the definitions contained in West Virginia Code § 6C-1-2 and entering summary judgment against petitioner based on its findings that petitioner did not state a claim, petitioner was not an employee under the Whistle-Blower Law ("the Law"), and respondent was not an employer or public body under the Law. Petitioner contends that while he did not receive wages or a salary from respondent, he received remuneration, so he should have been considered an employee of respondent. In addition, in support of his argument that respondent is a public body, he points to the definition of a "public body" under West Virginia Code § 6C-1-2(e), part of the Law, which provides, in part, that a public body is "[a]ny other body which is created by state or political subdivision authority or which is funded by thirty-five percent or more by or through state or political subdivision authority . . . ." Petitioner contends that respondent is funded 35% or more by or through a state or political subdivision authority. As part of his contention that he asserted a valid claim, he argues that the circuit court failed to address or consider petitioner's claim of retaliation based upon his good faith reporting of wrongdoing and strictly focused on whether the waste was substantial.[2]

As respondent points out, when this matter was before the circuit court, petitioner did not argue that state or municipal funds were improperly spent. Instead, petitioner asserted that money from fundraisers and the profit from soft drink machine sales were being misused. Petitioner admitted before the circuit court that an audit conducted by the State showed that there were not any State funds missing. In addition, petitioner fails to cite to the record in support of his contention that respondent receives sufficient funds from state or political subdivision authority to classify it as a public body. Therefore, based upon petitioner's brief and the citations to the record before this Court, we find that the circuit court did not err in awarding summary judgment to respondent on this issue.

Petitioner's second assignment of error is that the circuit court erred by finding that he did not state a claim for common law retaliation pursuant to *Harless v. First National Bank in Fairmont*, 162 W.Va. 116, 246 S.E.2d 270 (1978). In *Harless*, this Court recognized that

> [t]he rule that an employer has an absolute right to discharge an at will employee must be tempered by the principle that where the employer's motivation for the discharge is to contravene some substantial public policy principle, then the employer may be liable to the employee for damages occasioned by this discharge.

[2] Petitioner also points to two civil actions in the Circuit Court of Logan County wherein he asserts that petitioner's counsel successfully argued that the plaintiffs in those cases were found to be employees of respondent, but he failed to include any citation to the record to support the same. Pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, in part, petitioner's brief "must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal." Because petitioner failed to point to the inclusion of the referenced opinions in the record, which is approximately 1,400 pages in length, this Court will disregard this portion of petitioner's argument.

Syl., *id*. Petitioner argues that he had a membership interest in the department and that he identified a substantial public policy set forth in the Nonprofit Corporation Act. W.Va. Code § 31E-1-101 (2002). According to petitioner, because a great deal of money is given to volunteer fire departments each year, this Court should find that a substantial public policy exists in members or employees who use their rights of transparency. He contends that because he was a member of the respondent corporation, he was statutorily entitled to the production of records under the Nonprofit Corporation Act.

West Virginia Code § 31E-15-1502 (2002) of the Nonprofit Corporation Act provides that "[a] member of a corporation is entitled to inspect . . . [certain records] if he or she gives the corporation written notice of his or her demand at least five business days before the date on which he or she wishes to inspect." However, as set forth by the circuit court in its February 3, 2015, order granting summary judgment, "[i]f there were any claim, it may have been for enforcement of statutory rights to an accounting and inspection of corporate books and records, but no such claim was pled." Petitioner does not dispute respondent's contention that it provided records to petitioner pursuant to his request. For these reasons, we cannot find that the circuit court erred in awarding summary judgment to respondent on this basis.

Finally, petitioner asserts that the circuit court abused its discretion in granting summary judgment because genuine disputes of material fact should have been determined by a jury. He argues that the most obvious issue of material fact is the circuit court's findings of fact as to the basis for respondent's decision to terminate petitioner, specifically that respondent provided justification for the dismissal based on petitioner's conduct. Petitioner contends that a reasonable jury could infer that respondent was aware of his suspicion of respondent's wrongdoing based on his constant requests for financial records, so this was a fundamental jury question.

"'A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syl. Pt. 1, *Carr v. Michael Motors, Inc.*, 210 W.Va. 240, 557 S.E.2d 294 (2001). As we previously set forth,

> [r]oughly stated, a "genuine issue" for purposes of West Virginia Rule of Civil Procedure 56(c) is simply one half of a trial-worthy issue, and a genuine issue does not arise unless there is sufficient evidence favoring the non-moving party for a reasonable jury to return a verdict for that party. The opposing half of a trialworthy issue is present where the non-moving party can point to one or more disputed "material" facts. A material fact is one that has the capacity to sway the outcome of the litigation under the applicable law.

Syl. Pt. 5, *Jividen v. Law*, 194 W.Va. 705, 461 S.E.2d 451 (1995).

> Stated another way, "[i]f the evidence favoring the nonmoving party is 'merely colorable . . . or is not significantly probative'" a genuine issue does not arise, and summary judgment is appropriate. *Williams* [*v. Precision Coil, Inc.*], 194 W.Va. [52,] 60-61, 459 S.E.2d [329,] 337-38 (quoting *Anderson* [*v. Liberty Lobby, Inc.*],

4

477 U.S. [242,] 249-50, 106 S.Ct. [2505,] 2511 (citations omitted in original)).

*Jividen*, 194 W.Va. at 713-14, 461 S.E.2d at 459-60.

As set forth herein, petitioner does not dispute that upon his request respondent provided the requested records. The letter to petitioner dated June 27, 2010, specifically mentioned petitioner's lack of participation and requested that his participation improve. In addition to the warning given to petitioner regarding the minimum participation, the February 13, 2011, monthly meeting minutes reflect the fact that all in attendance, including petitioner, were informed that members not providing 25% of service were in violation of "state codes" and were going to be reviewed by officers for disciplinary action. Shortly thereafter, a February 16, 2011, letter to petitioner placed him on a thirty day suspension for acts of insubordination. According to that letter, petitioner was placed on suspension because he told another firefighter to proceed to the accident scene and petitioner would go to the station to obtain a necessary apparatus, but the apparatus never arrived at the scene. Another firefighter had to leave the scene to get the apparatus, and while petitioner arrived on scene in a private vehicle he did not exit the vehicle to assist. It further states that despite orders from the assistant chief to remain on scene, petitioner left. The August 6, 2011, termination letter provides that petitioner's position had been terminated due to his detrimental conduct toward respondent. While petitioner points to document requests beginning in August of 2010 as the reason for his termination, it is clear from the record before this Court that respondent took issue with petitioner's performance of his duties prior to those requests. For these reasons, we do not find error in the circuit court's finding that no genuine issues of material fact existed sufficient to deny respondent's motion for summary judgment.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED: April 29, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II


**DISSENTING:**

Justice Robin Jean Davis

5