535 S.E.2d 215

**David C. SAUNDERS, Plaintiff Below, Appellee,**

**v.**

**TRI–STATE BLOCK CORPORATION, a West Virginia Corporation, and Glenn Straub, Individually, Defendants Below, Appellants.**

No. 26853.

Supreme Court of Appeals of West Virginia.

Submitted April 11, 2000.

Decided July 12, 2000.

Vincent S. Gurrera, Esquire, Daniel P. Taylor, Esquire, Dean G. Makricostas, Esquire, Gurrera, Taylor & Makricostas, Weirton, West Virginia, Attorneys for Appellee.

Elgine Heceta McArdle, Esquire, Musser & McArdle, Wheeling, West Virginia, Attorney for Appellants.

PER CURIAM:

This is an appeal by Tri–State Block Corporation and Glenn Straub from an order of the Circuit Court of Ohio County granting the appellee, David C. Saunders, summary judgment on a claim asserted by Mr. Saunders under the West Virginia Wage Payment and Collection Act, W. Va.Code 21–5–1, *et seq.* The circuit court ordered the appellants to pay Mr. Saunders wages in the amount of $11,023.21, liquidated damages in the amount of $4,093.50, attorneys fees and costs in the amount of $10,347.94, and prejudgment interest in the amount of $2,801.11. On appeal, the appellants claim that the circuit court erred in awarding Mr. Saunders summary judgment since, they claim, a genuine issue of material fact existed as to whether Mr. Saunders was an employee within the meaning of the West Virginia Wage Payment and Collection Act. They also claim that, even if he was an employee, a material question of fact existed as to the amount of damages to which he was entitled. Lastly, they assert that the circuit court erred in awarding David C. Saunders attorney fees without affording them an opportunity to challenge the fee statement which he had submitted.

## I.

## FACTS

The individual appellant, Glenn Straub, is the President of Tri–State Block Corporation, the corporate appellant in this case.

The record developed in this case shows that prior to March 1996, Tri–State Block Corporation used a company known as U-MET of Pennsylvania as an independent sales representative to sell its metallurgical block product. At the time, the appellee, David C. Saunders, was employed by U-MET Corporation and handled the Tri–State Block Corporation account.

In March 1996, Tri–State Block Corporation discontinued its relationship with U-MET Corporation. What happened next is not precisely clear. The appellants, Tri–State Block Corporation and Glenn Straub, in their brief, claim that Tri–State Block Corporation began using an operation by the name of LEMET or Lehigh Metallurgical Services as one of its outside sales representatives and that LEMET was an operation of David C. Saunders. David C. Saunders, on the other hand, in his response to the appellant's brief, states that: "In or around the month of February 1996, Appellee [David C. Saunders] was contacted and recruited by the Appellant, Tri–State Block Corporation, to become its employee and to provide services on its behalf."

Various letters in the record, written on the letterhead of "LEMET—Lehigh Metallurgical Services" show that after March 1996, David C. Saunders did correspond with various companies and provide information and quotes to those companies on Tri–State Block Corporation's products.

Less than a year after March 1996, Tri–State Block Corporation wrote directly to David C. Saunders on January 3, 1997, and stated: "We have reviewed our sales operations and have determined that your services are no longer required." In the letter, Tri–State Block Corporation indicated that Mr. Saunders would be paid for all orders received as of January 1997, and referred to him as an "employee at-will."

Following termination of the relationship, Mr. Saunders instituted the present civil action. In his complaint, he alleged that he had been an employee of Tri–State Block Corporation, and that Tri–State Block Corporation, in bad faith, and in violation of the West Virginia Wage Payment and Collection Act, W. Va.Code 21–5–1, et seq., had failed to pay him the full wages due him.

Tri–State Block Corporation filed an answer to Mr. Saunders' complaint and denied that he had been its employee. Following the filing of the answer, discovery was conducted, and on January 21, 1999, David C. Saunders moved for summary judgment. The appellants resisted the motion for summary judgment and various additional documents were filed by the parties. For instance, the letter terminating Tri–State Block Corporation's relationship with Mr. Saunders was introduced, and in that letter Tri–State Block Corporation specifically stated that Mr. Saunders was an at-will employee. Tri–State Block Corporation submitted an affidavit prepared by Joe Belot, an outside consultant, who was aware of the nature of the relationship between Tri–State Block Corporation and its various sales representatives. In the affidavit, Mr. Belot stated that: "These outside representatives were independent contractors and were not employees of Tri–State Block Corp." In that affidavit, Mr. Belot also stated that as part of his duties for Tri–State Block Corporation he was responsible for the manufacture and sale of Tri–State Block Corporation's product and that while Mr. Saunders performed services for Tri–State Block Corporation, between March 26, 1996 and January 3, 1997 "he had no control over Saunders nor did he supervise the work that Saunders did." Additionally, Tri–State Block Corporation submitted an affidavit prepared by A1 Lander, its office manager. In that affidavit, Mr. Lander stated: "That Saunders acted independently, that Tri–State Block Corp. had no control over his work nor did I supervise Saunders."

Ultimately, the circuit court after considering the record developed, on March 22, 1999, ruled on the summary judgment motion and found that David C. Saunders was an employee of Tri–State Block Corporation within the meaning of the West Virginia Wage Payment and Collection Act, W. Va.Code 21–5–1, et seq., and that he was entitled to specific sums as damages, attorney fees, and pre-judgment interest. The court's order specifically stated:

3. The Plaintiff [David C. Saunders] was an employee of Defendant, Tri–State Block Corporation within the meaning of the West Virginia Wage Payment and Collection Act, W. Va.Code Section 21–5–1 et seq.

4. The Plaintiff was terminated from his employment with Defendant, Tri–State Block Corporation effective January 3, 1997.

5. The Plaintiff was not paid wages owed to him within seventy-two (72) hours after he was terminated from his employment.

6. The West Virginia Wage Payment and Collection Act, W. Va.Code Section 21–5–1 et seq., applies to the case at bar.

7. The Defendant, Tri–State Block Corporation, did not pay the Plaintiff wages owed to him in the amount of Eleven Thousand and Twenty–Three Dollars and Twenty One Cents ($11,023.21).

8. That pursuant to the aforesaid Wage Payment Collection Act as liquidated damages, the Plaintiff is entitled to thirty (30) days pay in the amount of Four Thousand Ninety Three Dollars and Fifty Cents ($4,093.50) based on his yearly income in the amount of $40,935.00, as reflected by the copy of the Plaintiff's 1996 1099 Form from the Defendant, Tri–State Block Corporation, attached hereto and incorporated herein, divided by the number of months, ten (10), Plaintiff was employed with said Defendant.

9. Pursuant to the aforesaid Wage Payment and Collection Act, as liquidated damages Plaintiff is entitled to attorney fees and costs which are currently in the amount of Ten Thousand Three Hundred and Forty Seven Dollars and Ninety Four Cents ($10,347.94). (Please see Billing Statement attached hereto and incorporated herein). The court has reviewed the Billing Statement of the Plaintiff's counsel and finds that the attorney fees are de-

clared to be reasonable pursuant to *AET-NA Casualty & Surety Co. v. Pitrolo* and are hereby approved.

10. Pursuant to the aforesaid Wage Payment and Collection Act the Plaintiff is entitled to pre-judgment interest, at the legal rate, effective from January 7, 1999, in the amount of Two Thousand Eight Hundred and One Dollars and Eleven Cents ($2,801.11).

In the present proceeding, the appellants, Tri–State Block Corporation and Glenn Straub, its President, claim that questions of material fact remained in the case at the time the circuit court entered summary judgment, and that under the circumstances, summary judgment was inappropriate. Specifically, they claim that the status of Mr. Saunders as an independent contractor or as an employee for the purposes of West Virginia's Wage Payment and Collection Act was in doubt and dispute. They also assert that the amount of commissions owed to Mr. Saunders was in dispute. Finally, they argue that the trial court erred in awarding Mr. Saunders $10,347.94 in attorneys fees without conducting a hearing to afford them the opportunity to challenge the reasonableness of the fees.

## II.

### STANDARD OF REVIEW

■ This Court has indicated that "a circuit court's entry of summary judgment is reviewed *de novo.*" Syllabus Point 1, *Davis v. Foley,* 193 W.Va. 595, 457 S.E.2d 532 (1995); Syllabus Point 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). The Court has further indicated in Syllabus Point 3 of *Aetna Casualty and Surety Company v. Federal Insurance Company of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963) that: "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law."

## III.

### DISCUSSION

■ As has been previously stated, Mr. Saunders in his complaint in the present action, asserted that he was an at-will employee of Tri–State Block Corporation at the time of the termination of his relationship with that organization. Tri–State Block Corporation, in its answer, denied that assertion. A principal issue raised by the pleadings was, therefore, whether or not Mr. Saunders was an "employee" within the meaning of West Virginia's Wage Payment and Collection Act, W. Va.Code 21–5–1, *et seq.*

The portion of West Virginia's Wage Payment and Collection Act which requires an employer to pay an employee promptly and lays the foundation for actions under the Act is W. Va.Code 21–5–3. That Code section provides:

Every person, firm or corporation doing business in this State, except railroad companies as provided in section one [§ 21–5–1] of this article, shall settle with its employees at least once in every two weeks, unless otherwise provided by special agreement, and pay them the wages due, less authorized deductions and authorized wage assignments, for their work or services in lawful money of the United States, or by the cash order as described and required in the next succeeding section of this article [§ 21–5–4] or by any method of depositing immediately available funds in an employee's demand or time account in a bank, credit union or savings and loan institution that may be agreed upon in writing between the employee and such person, firm or corporation, which agreement shall specifically identify the employee, the financial institution, the type of account and the account number. . . .

The terms "employee" and "wages" for the purposes of the Wage Payment and Collection Act are defined elsewhere in the Wage Payment and Collection Act. Specifically, an "employee" is defined to include "any person suffered or permitted to work by a person, firm or corporation." W. Va.Code 21–5–1(b). And "wages" are defined as "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission or other basis of calculation . . ." W. Va.Code 21–5–1(c). Lastly, an "employer" is defined as "any person, firm or corporation employing any employee." W. Va.Code 21–5–1(m).

In the present case, certain of the documents submitted by David C. Saunders do indicate that Tri–State Block Corporation suffered or permitted David C. Saunders to solicit orders for it, or to do work for it, and further that it agreed to pay commissions on the orders solicited. Thus, under the documents submitted by David C. Saunders, the Court believes that the trial court could properly have concluded that David C. Saunders was an "employee" of Tri–State Block Corporation for the purposes of West Virginia's Wage Payment and Collection Act.

However, certain of the other documents submitted by David C. Saunders, as well as the brief of Tri–State Block Corporation, suggest that Tri–State Block Corporation's relationship was with LEMET or Lehigh Metallurgical Services, and that David C. Saunders was actually working for or through LEMET or Lehigh Metallurgical Services.

In *Rowe v. Grapevine Corporation,* 193 W.Va. 274, 456 S.E.2d 1 (1995), the Court indicated that the fact that an individual was an employee of one "employer" did not preclude him from pursuing a claim under West Virginia's Wage Payment and Collection Act against another individual or secondary "employer" for whom he did work for wages. In that case, foreign agricultural workers were employed by an organization called Tri–County Growers, Inc., but actually picked crops for a number of individual orchard owners. In *Rowe v. Grapevine Corporation, id.,* the Court recognized that the workers could maintain an action under the West Virginia Wage Payment and Collection Act against the orchard owners, as well as Tri–State Growers, Inc., so long as their orchard owners took primary responsibility for the day-to-day management of the workers when they were employed in their orchards. In line with the holding in *Rowe v. Grapevine Corporation, id.,* this Court believes that David C. Saunders would be entitled to recover against Tri–State Block Corporation even if he was employed by LEMET or Lehigh Metallurgical Services, so long as Tri–State Block Corporation primarily managed him while he was working in its behalf.

As has previously been stated, this Court has indicated that summary judgment should be granted only when it is clear that there is no genuine issue to be tried and that inquiry concerning the facts is not desirable to clarify the application of the law. In the present case, the Court believes that there is an issue of fact as to whether David C. Saunders worked directly for Tri–State Block Corporation, or whether he worked for LEMET or Lehigh Metallurgical Services, which had a relationship with Tri–State Block Corporation. If he actually worked for LEMET or Lehigh Metallurgical Services, then there is an additional question as to whether LEMET or Tri–State Block Corporation managed him while he was working in behalf of Tri–State Block Corporation. At the very least, the Court believes that further inquiry concerning the facts is desirable to clarify the application of the law. Under such circumstances, Syllabus Point 3 of *Aetna Casualty and Surety Company v. Federal Insurance Company of New York, supra,* indicates that summary judgment is improper.

■ A second issue in this case is whether the trial court properly granted summary judgment on the amount of damages, if any, to which David C. Saunders is entitled. The documents in the record in the case show that the commissions payable for David C. Saunders' services were to be determined in part on whether the sales were to existing customers or to new customers of Tri–State Block Corporation. In seeking summary judgment, it appears that David C. Saunders claimed commission based on the fact that certain sales were made to what he classified as "new accounts." In opposing his motion, the appellants took the position that he "did not acquire any new accounts but received commissions due for accounts supplied by Tri–State Block during the time period in question."

This Court believes that the documents filed raise a question of fact as to the amount of commissions due, and thus any damages due, or at the very least inquiry concerning the facts is desirable to clarify the application of the law. Under such circumstances, summary judgment is inappropriate under the rule set forth in Syllabus Point 3 of *Aetna Casualty and Surety Company v. Federal Insurance Company of New York, supra.*

■ The Court notes that an additional assignment of error made by Tri–State Block

Corporation and Glenn Straub is that the trial court erred in awarding David C. Saunders attorney fees without allowing them an opportunity to review and challenge the fee statement submitted by David C. Saunders' counsel.

■ This Court has indicated that where attorney fees are to be awarded, it is incumbent upon the court to determine the reasonableness of the fees claimed based on such factors as: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Aetna Casualty and Surety Company v. Pitrolo,* 176 W.Va. 190, 342 S.E.2d 156 (1986). In making such an assessment, the Court believes that it is implicit, and that fundamental fairness requires, that the party against whom fees are to be assessed be allowed to examine the fee statement presented by the party seeking the fees and to challenge it.

In the present case, in spite of the assertions made by Tri-State Block Corporation and Glenn Straub, it is not altogether clear that the trial court denied them the opportunity to challenge David C. Saunders' claim for attorney fees. Shortly before the court entered the judgment order, it became necessary for Robert J. Samol, the attorney for Tri-State Block Corporation and Glenn Straub, to withdraw from the case. It appears that the court had previously indicated that Tri-State Block Corporation and Glenn Straub would be given an opportunity to challenge the amount of attorney fees, for in the letter indicating that it was necessary for him to withdraw Mr. Samol stated: "As far as the proposed Order, it is my recollection that the Court awarded attorney fees but did not award an amount. The defendant would be given an opportunity to contest the amount of attorney fees if so desired."

The record shows that after entering the judgment order, the court stayed its order for thirty days to afford Tri-State Block Corporation and Glenn Straub an opportunity "to secure new counsel to represent their interest." In his brief, David C. Saunders indicates that this was done, in part, so that the reasonableness of the attorney fees could be challenged. He specifically states: "Appellants were given the opportunity to challenge the reasonableness and the award of the subject attorney fees by the lower court. They did not!"

Since the record of the case is unclear as to exactly what happened, this Court cannot determine whether the trial court actually denied Tri-State Block Corporation and Glenn Straub the opportunity to challenge the fee statement submitted by David C. Saunders. On remand, the Court believes, however, that the trial court should afford all parties a reasonable opportunity to address the fee question should it arise.

For the reasons stated, the judgment of the Circuit Court of Ohio County is reversed, and this case is remanded for further development.

Reversed and remanded.

Justice McGRAW dissents.