539 S.E.2d 112

### In re HEARING LOSSES I (Seven Cases).

John Rucker, et al., Plaintiffs Below,

Danny R. Catron, Delmer P. Fields, Claude D. Frazier, Asher L. Isner, Theodore R. Johnson, Jr., Russell W. Lough, Arthur D. Matheny, Paul G. McClanahan, Thomas F. McClanahan, Roy R. Meadows, Wesley C. Medley, Lovell M. Parker, Leo B. Priddy, Tex A. Priddy, Frank D. Rapp, Jesse Rine, Melvin L. Smith, Harold S. Vanmeter, Charlie Wallace, Daniel W. Westfall, and Ronald Wilson, Plaintiffs Below, Appellants,

v.

Deere & Company, Inc., et al., Defendants Below, Appellees.

John R. Rucker, et al., Plaintiffs Below,

Ernest Bolyard, Walter Davis, John Deem, Donnie Flinn, Claude Frazier, Robert Gidley, Asher Isner, Russell Lough, Paul McClanahan, William Medley, Raymond Pauley, Arthur Rainwater, Melvin Smith, Daniel Sydenstricker, Harold Vanmeter, Charlie Wallace and Daniel Westfall, Plaintiffs Below, Appellants,

v.

Ingersoll–Rand Company, et al., Defendants Below, Appellees.

Burton Anderson, Carroll Barnette, Vernon Beaver, Roger Beckett, Charles Boggess, Ernest Bolyard, Ronald Cavicchia, Jack Comer, Larry Cummings, Walter Davis, John Deem, Edwin Edwards, Herman Fisher, Donnie Flinn,

Robert Gidley, William Gidley, Sebert Harrison, George Hashman, Dwight Hunt, Ernest Z. Hunt, John Hunter, Russell Johnson, Raymond Laney, Jackie Maynard, Daniel Nathan McVicker, Russell Meadows, William Medley, Raymond Pauley, Robert Phillips, Elvin Pyne, Henry Rainey, Ronnie Rainey, Arthur Rainwater, John Rucker, Roy Sayre, Joseph S. Sexton, James Stevens, Everett Stover, Daniel Sydenstricker, William Ward, Darrell Westfall, Clarence White and Nile Witt, Plaintiffs Below, Appellants,

v.

Case Corporation, et al., Defendants Below, Appellees.

John R. Rucker, et al., Plaintiffs Below,

Burton Anderson, Charles Boggess, Ernest Bolyard, Danny Catron, Larry Cummings, John Deem, Delmar P. Fields, Herman Fisher, Donnie Flinn, Claude D. Frazier, George Hashman, Ernest Z. Hunt, John Hunter, Arthur D. Matheny, Paul McClanahan, Thomas F. McClanahan, Daniel Nathan McVicker, William Medley, Henry Rainey, Frank D. Rapp, Joseph S. Sexton, Melvin L. Smith, James Stevens, Everett Stover, Daniel Sydenstricker and Harold S. Vanmeter, Plaintiffs Below, Appellants,

v.

Ford Motor Company, et al., Defendants Below, Appellees.

John R. Rucker, et al., Plaintiffs Below,

Burton Anderson, Carroll Barnette, Vernon Beaver, Roger Becket, Charles Boggess, Ernest Bolyard, Danny Catron, Ronald Cavicchia, Jack Comer, Larry Cummings, Walter Davis, John Deem, Edwin Edwards, Herman Fisher, Donnie Flinn, Claude D. Frazier, Robert Gidley, William Gidley, Sebert Harrison, George Hashman, Dwight Hunt, Ernest Z. Hunt, John Hunter, Russell Johnson, Raymond Laney, Jackie Maynard, Paul McClanahan, Daniel Nathan McVicker, Russell Meadows, William Medley, Lovell Par-

ker, Raymond Pauley, Robert Phillips, Elvin Pyne, Henry Rainey, Ronnie Rainey, Arthur Rainwater, John Rucker, Roy Sayre, Joseph S. Sexton, Melvin Smith, James Stevens, Everett Stover, Daniel Sydenstricker, William Ward, Darrell Westfall, Clarence White and Nile Witt, Plaintiffs Below, Appellants,

v.

Bomag, et al., Defendants Below, Appellees.

Donald E. Kelly, Plaintiff Below, Appellant,

v.

Compaction America, Inc. (fka Bomag, U.S.A.), et al., Defendants Below, Appellees.

Basil Allen, et al., Plaintiffs Below, Appellants,

v.

Bomag, et al., Defendants Below, Appellees.

Nos. 26356–26361, 26423.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 15, 2000.

Decided July 13, 2000.

Stuart Calwell, Esq., David H. Carriger, Esq., John H. Kozak, Esq., D. Christopher Hedges, Esq., Law Offices of Stuart Calwell, PLLC, Charleston, West Virginia, Attorneys for Appellants.

John R. McGhee, Jr., Esq., Katherine A. Jones, Esq., Kay, Casto & Chaney, PLLC, Charleston, West Virginia, Attorneys for Chrysler Corporation and Ford Motor Company.

A.L. Emch, Esq., Gretchen M. Callas, Esq., Jackson & Kelly, Charleston, West Virginia, Attorneys for Caterpillar, Inc.

James D. Lamp, Esq., Lamp, O'Dell, Bartram & Entsminger, Huntington, West Virginia, and John J. O'Donnell (Pro Hac Vice), Joseph E. O'Neil (Pro Hac Vice), Charles H. Edelin (Pro Hac Vice), Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray, Philadelphia, Pennsylvania, Attorneys for General Motors Corp.

Larry A. Winter, Esq., Carey, Hill, Scott, Winter & Johnson, Charleston, West Virginia, Attorney for Terex Cranes.

Paul K. Vey, Esq., Pietragallo, Bosick & Gordon, Pittsburgh, Pennsylvania, Attorney for Joy Technologies (Bankruptcy Stay).

Charles F. Bagley, III, Esq., Campbell, Woods, Bagley, Emerson, McNeer & Herndon, Charleston, West Virginia, Attorney for Cummins Engine Co.

Robert B. Allen, Esq., William Scott Wickline, Esq., Allen, Guthrie & McHugh, Charleston, West Virginia and Adam E. Miller (Pro Hac Vice), J. William Newbold (Pro Hac Vice), Thompson Coburn, Attorneys for Ingersoll–Rand Co.

Fred Adkins, Esq., Melissa G. Foster, Esq., Huddleston, Bolen, Beatty, Porter & Copen, Huntington, West Virginia, Attorneys for Case Corporation and Compaction America.

William J. Ryan (Pro Hac Vice), Thomas R. Mulroy, Jr. (Pro Hac Vice), James P. Fieweger (Pro Hac Vice), Laura A. TenBroeck (Pro Hac Vice), Jenner & Block, Chicago, Illinois, Attorneys for Case Corporation.

R. Michael Pleska, Esq., Ronda L. Harvey, Esq., Bowles Rice McDavid Graff & Love, Charleston, West Virginia, Attorneys for Manitowoc, Inc.

W. Randolph Fife, Esq., Ancil G. Ramey, Esq., Steptoe & Johnson, Charleston, West Virginia, Attorneys for Deere & Company, Inc.

Jonathan L. Griffith (Pro Hac Vice), John H. Beisner (Pro Hac Vice), O'Melveny & Myers, Washington, D.C., Attorneys for Ford Motor Company.

Susan M. Harman, Esq., Bell & Associates, Charleston, West Virginia, Attorney for Walker Machinery.

Michael Bonasso, Esq., Robert P. Lorea, Esq., Flaherty, Sensabaugh & Bonasso, Charleston, West Virginia, Attorneys for Komatsu.

L. John Argento, Esq., Dickie, McCamey & Chilocote, P.C., Pittsburgh, Pennsylvania, Attorney for Jimco.

Thomas E. Williams (Pro Hac Vice), Lee Davis Thames (Pro Hac Vice), Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Mississippi and Richard A. Hayhurst, Esq., Andrew C. Woofter, III, Esq., Parkersburg, West Virginia, Attorneys for Link–Belt Construction.

PER CURIAM:

In this proceeding, the Court has consolidated seven separate appeals which involve essentially the same issues and which the Court believes should be resolved in the same way. Each appeal, except Appeal No. 26361, is from a decision of the Circuit Court of Kanawha County in a consolidated case involving numerous plaintiffs.[1] In each decision, the circuit court granted the defendants summary judgment on the ground that the plaintiffs' actions were barred by West Virginia's statute of limitations. On appeal, the plaintiffs, who are the appellants here, claim that their actions were not barred by the statute of limitations or that, at the very least, their cases raised questions of fact for a jury as to whether their claims were barred by the statute of limitations and that summary judgment was inappropriate.

## I.

### FACTS

The facts involved in Appeal No. 26356 are typical of the facts of all the cases involved here. In the cases underlying Appeal No. 26356, the plaintiffs were blue collar workers, or former blue collar workers, who operated and/or worked in close proximity to heavy construction equipment, such as bulldozers, end loaders and cranes, at numerous construction jobs throughout of the State of West Virginia beginning as early as the 1950's. Each plaintiff later suffered from hearing loss, which he claimed was an occupational hearing loss caused by continual exposure to noise generated by the equipment which he operated, or in close proximity to which he worked.

It appears that most or all the plaintiffs filed workers' compensation claims. Additionally, they filed products liability lawsuits against the various manufacturers, including Deere & Company, of the machines which created the noise to which they were ex-

---

1. Appeal No. 26361 involves only one plaintiff.

posed. Those products liability lawsuits are the actions involved in the present appeal.

One of the claims of the plaintiffs in pursuing their products liability lawsuits was that the defendants, who manufactured the equipment which caused their hearing loss, improperly failed to install readily available noise reduction technology on the equipment, and that as a result of their failure to install such noise-reduction technology, they suffered the hearing losses to which they are now subject.

In each of the cases under review in Appeal No. 26356, the appellee Deere & Company moved for summary judgment on the ground that the plaintiffs' actions are barred by the applicable West Virginia statute of limitations.[2] Specifically, Deere & Company claimed first that the plaintiffs had not alleged that they were exposed to noise generated by Deere's equipment within two years of the date on which they had filed their complaints and, secondly, that the plaintiffs, on their workers' compensation applications, had indicated that they had been told by a doctor more than two years prior to the date they filed their products liability complaints that their hearing loss was caused by noise on the job. Under the circumstances, Deere & Company claimed that each plaintiff had learned more than two years prior to the filing of his complaint the nature of his hearing loss injury.

To counter Deere & Company's motion for summary judgment, the plaintiffs in the cases involved in Appeal No. 26356 submitted affidavits in which they indicated that at no time more than two years before they filed their complaints did they know, or have reason to know, that Deere & Company's machines and the machines of the other defendants were defectively manufactured. While, in essence, conceding that they may not have instituted their actions within two years after they were actually injured, they took the position that they did not know, within the two-year period, that the conduct of Deere & Company was the cause of their injuries. They further took the position that they did

institute their actions within two years after learning that the conduct of Deere & Company had a causal relationship to their injuries. They also contended that given the nature of their cases, summary judgment was inappropriate since a material question of fact which remained to be resolved as to when they discovered, or reasonably should have discovered, the essential elements of their products liability claims.

After taking the positions of the parties under consideration, the Circuit Court of Kanawha County rejected the plaintiffs' contentions and granted Deere & Company summary judgment. In the cases involved in the other appeals which have been consolidated with Appeal No. 26356, the defendants moved for summary judgment on the same grounds asserted by Deere & Company in Appeal No. 26356; the plaintiffs opposed the granting of summary judgment on the same grounds that the plaintiffs in Appeal No. 26356; and the circuit court ultimately granted the defendants summary judgment.

In the present appeal, the plaintiffs claim that the Circuit Court of Kanawha County erred in granting the defendants' motions for summary judgment.

## II.

### STANDARD OF REVIEW

▇ This Court has indicated that "a circuit court's entry of summary judgment is reviewed *de novo.*" Syllabus Point 1, *Davis v. Foley*, 193 W.Va. 595, 457 S.E.2d 532 (1995); Syllabus Point 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). The Court has further indicated in Syllabus Point 3 of *Aetna Casualty and Surety Company v. Federal Insurance Company of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963) that: "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law."

*Motor Company*, 185 W.Va. 518, 408 S.E.2d 270 (1991).

---

**2.** The applicable limitations period is the two-year limitations period established by W. Va. Code 55-2-12. See, Syllabus, *Taylor v. Ford*

### III.

### DISCUSSION

Recently, in *Gaither v. City Hospital, Inc.*, 199 W.Va. 706, 487 S.E.2d 901 (1997), this Court discussed when the statute of limitations period began to run on actions such as those involved in the present appeal. In Syllabus Point 4 of *Gaither v. City Hospital, Inc., id.*, the Court concluded:

> In tort actions, unless there is a clear statutory prohibition to its application, under the discovery rule the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury.

Under this rule, the plaintiffs' actions in the present proceedings would be barred only if the plaintiffs had failed to file their actions within two years after they knew, or by the exercise of reasonable diligence should have known, that (1) they had been injured, (2) the identity of the party or parties who owed them a duty to act with due care and who may have breached that duty, and (3) that the conduct of that entity, or those entities, bore a causal relationship to their injuries.

In *Gaither v. City Hospital, Inc., id.*, the Court cited with approval the Court's prior ruling in *Hickman v. Grover*, 178 W.Va. 249, 358 S.E.2d 810 (1987), a case in which a plaintiff was injured by an exploding air tank. The plaintiff sued the owner of the air tank within two years after the explosion, but failed to sue the manufacturer of the tank within the two-year period. The failure to sue the manufacturer was due to the fact that the plaintiff's attorney learned that the air tank was defectively manufactured only more than two years had passed. Under these circumstances, where the plaintiff did not know of the defective manufacture of the

air tank within the two-year period, the Court concluded that the limitations period was tolled until the plaintiff learned, or by the exercise of reasonable diligence, should have learned of the defective manufacture.

In resisting the motion of Deere & Company for summary judgment in the cases giving rise to Appeal No. 26356, the plaintiffs filed affidavits indicating that prior to two years before they filed their complaints, they did not know that Deere & Company's equipment was so noisy as to be defective. In effect, they claimed, as did the plaintiff in *Hickman v. Grover, id.*, that they did not know the defendants' equipment was defectively manufactured within the two-year period.[3] Typical of the many affidavits filed was that of Danny Catron, which stated among other things:

1. At no time prior to two years before my civil action was filed, did I know or have reason to know the essential elements of my products liability claims set forth in my complaint.

2. At no time prior to two years before my civil action was filed, did I know or have reason to know that the defendants named in my complaint had engaged in wrongful conduct by producing and/or distributing the equipment to which I was exposed.

3. At no time prior to two years before my civil action was filed, did I know or have reason to know that any of the equipment I was exposed to was defective.

\*　　\*　　\*

6. At no time prior to two years before my civil action was filed did I have any reason to believe that my hearing loss was caused by any defendant's wrongdoing. I simply thought that my hearing loss was a normal part of my job.

The clear import of the affidavits was that the plaintiffs' actions had been filed in a timely manner under the principles set forth

---

**3.** In *Hickman*, however, the Court said that the plaintiff's knowledge that the product was defective as a result of the conduct of its manufacturer is not required to begin the running of the statute of limitations. The Court explained that, because such knowledge is often not known with legal certainty until after the jury returns its verdict, such a requirement would almost abrogate the statute of limitations in products liability claims.

in Syllabus Point 4 of *Gaither v. City Hospital, Inc., supra.*

In disposing of Deere & Company's summary judgment motion or motions in the cases giving rise to Appeal No. 26356, the circuit court entered a blanket order. The order did not discuss when any individual plaintiff was exposed to noise, when he filed his claim, or why the court concluded that he had not filed his claim within two years after he learned of the existence of the elements of his claim or reasonably should have learned of the existence of the elements of his claim. The court treated the plaintiffs as a group, and the court's principal finding was simply that: "Plaintiffs herein have failed to submit evidence sufficient to raise a material issue of fact supporting a tolling of the statute of limitations regarding their alleged hearing loss."

The court then stated:

> THEREFORE, it is hereby ORDERED that summary judgment is granted in favor of the defendant, Deere & Company, against each of the following plaintiffs:

| | |
|---|---|
| DANNY R. CATRON | Civil Action No. 93–C–8360 |
| DELMER P. FIELDS | Civil Action No. 93–C–8360 |
| CLAUDE D. FRAZIER | Civil Action No. 93–C–8360 |
| ASHER L. ISNER | Civil Action No. 93–C–8360 |
| THEODORE R. JOHNSON, JR. | Civil Action No. 93–C–1895 |
| RUSSELL W. LOUGH | Civil Action No. 93–C–8360 |
| ARTHUR D. MATHENY | Civil Action No. 93–C–8360 |
| PAUL G. MCCLANAHAN | Civil Action No. 93–C–8360 |
| THOMAS F. MCCLANAHAN | Civil Action No. 93–C–8360 |
| ROY R. MEADOWS | Civil Action No. 93–C–8360 |
| WESLEY C. MEDLEY | Civil Action No. 93–C–8360 |
| LOVELL M. PARKER | Civil Action No. 94–C– 284 |
| LEO B. PRIDDY | Civil Action No. 95–C–1917 |
| TEX A. PRIDDY | Civil Action No. 93–C–8360 |
| FRANK D. RAPP | Civil Action No. 93–C–8360 |
| JESSE RINE | Civil Action No. 93–C–8360 |
| MELVIN L. SMITH | Civil Action No. 93–C–8360 |
| HAROLD S. VANMETER | Civil Action No. 93–C–8360 |
| CHARLIE WALLACE | Civil Action No. 93–C–8360 |
| DANIEL W. WESTFALL | Civil Action No. 93–C–8360 |
| RONZEL WILSON | Civil Action No. 93–C–8360 |

■ Recently, in *Fayette County National Bank v. Lilly,* 199 W.Va. 349, 484 S.E.2d 232 (1997), this Court indicated that it was incumbent upon a trial court to make appropriate findings of fact when ruling on a motion for summary judgment. In Syllabus Point 3 of *Fayette County National Bank v. Lilly, id.,* the Court specifically stated:

> Although our standard of review for summary judgment remains de novo, a circuit court's order granting summary judgment must set out factual findings sufficient to permit meaningful appellate review. Findings of fact, by necessity, include those facts which the circuit court finds relevant, determinative of the issues and undisputed.

In examining the records in the present appeals, the Court notes that the plaintiffs were exposed to noise at differing times and under differing circumstances. Additionally, they underwent medical examinations at differing times. Although they obviously knew that they had been injured in the workplace when they filed their workers' compensation claims, just as the plaintiff in *Hickman v. Grover, supra,* knew that he had been injured when the air tank exploded, a crucial question in each of their claims is when they learned, or when, by the exercise of due diligence, they should have learned, that the noise from equipment manufactured by Deere & Company or one of the other equipment manufacturers had a causal relationship to their hearing loss injury.

In view of this, this Court concludes that the judgments of the circuit court in these appeals must be reversed and these cases must be remanded for the making of findings as required by *Fayette County National Bank v. Lilly, supra.* Specific findings

should be made as to each plaintiff and should indicate when that plaintiff knew, or reasonably should have known, the essential elements of his claim consistent with the *Gaither* and *Hickman* analysis, and why factually the court concludes that he knew, or reasonably should have known, the elements of his claim on that date.

For the reasons stated, the judgments of the Circuit Court of Kanawha County are reversed and these cases is remanded for further development.

Reversed and remanded.

Justice SCOTT, deeming himself disqualified, did not participate in this case.

Judge THOMAS H. KEADLE, sitting by temporary assignment.