# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**David W. Hill and Suellen H. Hill,**
**Plaintiffs Below, Petitioners**

**vs)  No. 16-0219** (Harrison County 11-C-94)

**Lone Pine Operating Company,**
**Defendant Below, Respondent**

**FILED**

**November 18, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners David W. Hill and Suellen H. Hill, by counsel Stephen A. Wickland, appeal the April 21, 2015, order setting aside the tax deed, determining oil and gas interests, and distributing funds and the January 29, 2016, order denying their motion to alter or amend the April 21, 2015, order, both entered by the Circuit Court of Harrison County. Respondent Lone Pine Operating Company, by counsel Gregory A. Morgan, filed its response to which petitioners submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners are the owners of the surface of a tract or parcel of land of 364.60 acres in Harrison County, West Virginia. The land was conveyed to them by deed dated February 25, 1976, though the deed reserved and did not convey "all of the oil and gas and all other minerals." The acreage at issue was part of a tract of 1,300 acres that Luther Haymond leased to South Penn Oil Company, its successors and assigns, for the purpose of mining and operating for oil and gas for a primary term of five years and so long thereafter as oil or gas was produced from the leasehold premises beginning in 1899. The interest in both the minerals and the surface changed hands numerous times through deeds and wills. According to the circuit court, in 1988, the Harrison County Assessor erroneously created duplicate assessments for the "Interest in 1300 as Lease Oil & Gas (Bruce Haymond)" to William L. Mitchell Jr. ("Mitchell"), Suzan Sigmond ("Sigmond"), and Genevieve Rapp ("Rapp") (who it appears died several years earlier) because the assessor was not able to match the 1,300 acre lease with the actual 376 ½ acre mineral assessments. The duplicate assessments describe the property as "Leased" to designate that they were created from the production reports rather than from a deed, will, or court order. The circuit court later found that both the West Virginia State Tax Department and the real estate division of the West Virginia Auditors Office advised local authorities that any assessments carrying the "Leased" designation should be suspended from sale because they were not created by a deed,

1

will, or court order and selling them would violate the provisions of West Virginia Code § 11-4-9. For tax year 1989, all of the assessments were paid except for the duplicate assessments in the names of Mitchell and Rapp, which were not paid and were "sold to the State." By tax deed dated June 27, 1994, the Deputy Commissioner of Forfeit and Delinquent Lands for Harrison County conveyed the real estate in the names Mitchell and Rapp, being the 1989 assessments, to petitioners.

Petitioners filed suit on March 8, 2011, seeking to quiet title and distribute oil and gas royalties. Petitioners asserted that the 1,300 acre tract of land was subject to an April 1, 1980, pooling agreement that divided the royalties as follows: a) 25% to Pennzoil, now East Resources; b) 25% to Eleanor B. Watson, now J.E. Watson Trust B.; c) 25% to Emma Finley Aderholt, now Norma Jean Coleman; d) 17.96% to Rapp, now petitioners; e) 3.351% to Mitchell now petitioners; and f) 3.351% to Sigmond, now respondent. Respondent filed a counterclaim disputing the validity of the tax deed under which petitioners claimed title to certain undivided interests in oil and gas underlying the 376 ½ acres within the 1,300 acres, asserting that the assessments that were the basis for the tax deed were erroneous duplicate assessments. Following preliminary hearings, a dispute arose between petitioner and respondent as to the ownership of the 17.96% interest owned by Rapp and a 3.351% interest owned by Mitchell. All other parties were dismissed from the litigation. According to petitioners, the dispute centered on alleged double taxation. Mitchell had received a per acre tax from the Harrison County Sheriff on 376 ½ acres of oil and gas, which he paid. He also received a royalty based tax on the 1,300 acre leased oil and gas. He failed to pay the leased entry for himself and Rapp, his aunt. Therefore, petitioners assert that they purchased those entries at a tax sale in 1994.

On February 15, 2012, both respondent and petitioners filed motions for summary judgment, and both parties submitted responses. The circuit court heard argument on those motions on March 9, 2015, and on April 21, 2015, the circuit court entered its "Order Setting Aside Tax Deed, Determining Oil and Gas Interests, and Distributing Funds." In its order, the circuit court found that the Haymond lease was still in force and a number of oil and gas wells had been drilled on the property, including petitioners' 364.60 acre surface tract. The court also found that the 1976 deed was specifically made subject to the Haymond lease. By mineral deed dated July 16, 2010, respondent acquired "all rights, interest, and royalties" of Mitchell in and to the oil, gas, and other minerals in and under and that may be produced from the 1,300 acres. By mineral deed dated July 23, 2010, and corrective mineral deed dated September 22, 2010, respondent acquired from Suzan and her husband all rights, interests, and royalties in and to the oil, gas, and other minerals in and under and that may be produced from the 1,300 acre tract.

According to the circuit court's order, the tax deed from the Deputy Commissioner of Forfeit and Delinquent Lands in 1994 is petitioners' only source of title supporting their claim to the oil and gas at issue in this case. The circuit court specifically found

> [t]hat the duplicative 'Leased' assessments, purchased by [p]etitioners do not, and have never, represented the ownership of any interest in property, minerals or oil and gas. Because the duplicative 'Leased' assessments did not represent any interest in oil and gas or other minerals, and because Mitchell, paid the tax in full on the actual 376 ½ [acre] mineral assessments, the sale by [the Deputy

Commissioner of Forfeit and Delinquent Lands] to [p]etitioners did not convey any ownership interest to [p]etitioners and did not divest William Mitchell, Jr. from his rightful ownership interest in the oil and gas.

As a result, the circuit court concluded that the assessor's attempt to assess Rapp, Mitchell, and Sigmond both for the interest they owned in the 376 ½ acres of oil and gas and again for the royalties therefrom was a duplicative assessment of the same property, so it was void. It stated that there was no dispute that all taxes had been paid on the two Mitchell assessments as to the 376 ½ acres of oil and gas for all periods through 2010 when they were sold to respondent. The circuit court also concluded that neither Mitchell nor respondent had any responsibility to correct any error made by the sheriff or the Deputy Director Commissioner of Forfeited and Delinquent Assessments to petitioners in selling the duplicate assessments. It specifically found that West Virginia Code § 11-3-27 was not applicable to bar respondent's rights to its oil and gas because its stated purpose is to correct simple clerical errors or mistakes rather than to challenge a duplicate tax assessment.

The circuit court further held that West Virginia Code § 55-2-1 was inapplicable to bar respondent's rights to its oil and gas because its predecessors in title, Sigmond and Mitchell, always paid tax on their assessments as to the 376 ½ acres of oil and gas until the sale of those interests to respondent. It went on to find that Mr. Mitchell had no reason to seek to set aside the tax deed because he correctly believed that he had properly paid his taxes on the oil and gas interests that he inherited from his mother and aunt. Finally, it found that petitioners had no claim to the oil and gas interests at issue by way of adverse possession because they had not demonstrated actual possession of the property. Thus, the circuit court ordered that the 1994 tax deed be set aside and declared void; that the oil and gas interests at issue are the sole property of respondent; and that all funds paid to the Clerk of Harrison County that were held in escrow be paid to respondent.[1]

Petitioners filed a motion to alter or amend that April 21, 2015, order, and the circuit court heard argument on that motion on August 25, 2015. The circuit court found that the motion raised no issues of fact or law that were not fully and completely addressed and ruled upon in the prior order. Therefore, by order entered on January 29, 2016, the circuit court denied that motion. Petitioners appeal from those orders.

"In reviewing an order denying a motion under Rule 60(b), W.Va.R.C.P., the function of the appellate court is limited to deciding whether the trial court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown in a timely manner." Syl. Pt. 4, *Toler v. Shelton.* 157 W.Va. 778, 204 S.E. 85 (1974). However, "'[t]he standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W.Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed.' Syl. Pt. 1, *Wickland v. American Travellers Life Ins.*, 204 W.Va. 430, 513 S.E.2d 657 (1998)." Syl.

---

[1] Without citing to the record, petitioners state that respondent has received all royalties it purchased from Sigmond but that the royalties from Mitchell and Rapp have been escrowed since the lawsuit was filed.

3

Pt. 2, *W.Va. Dep't of Transp., Div. of Highways v. Dodson Mobile Homes Sales and Services, Inc.*, 218 W.Va. 121, 624 S.E.2d 468 (2005). This Court has indicated that "[a] circuit court's entry of summary judgment is reviewed *de novo.*" Syl. Pt. 1, *Davis v. Foley,* 193 W.Va. 595, 457 S.E.2d 532 (1995) (citing Syl. Pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994)).

Due to the overlap between the issues, we address petitioners' first and second assignments of error together, which are as follows: 1) the circuit court erred when it voided the royalty based tax, and 2) the circuit court erred when it upheld the acreage tax or tax on oil and gas in place. Mitchell, Sigmond, and Rapp were assessed with seven entries for oil and gas in Harrison County in 1988. While Sigmond paid all of her assessed real property taxes from 1998 until 2010, when she sold her interest to respondent, petitioners assert that Mitchell and Rapp paid only the taxes on the oil and gas in place, ignoring the royalty tax assessments. Petitioners point to a 1988 letter from the State Tax Department they contend directed assessors to assess royalty-based taxes, as there was no tax on the oil and gas in place unless there was no production. They further assert that the circuit court's April 21, 2015, order voids the presumption that the assessor properly assessed the property. They fault respondent's predecessor in interest for failing to appear before the Harrison County Commission, sitting as the Board of Equalization and Review, to contest the double assessment. Petitioners claim that the royalty-based tax is mandated by law, while the acreage tax is duplicative and should be eliminated. Because petitioners have consistently paid the royalty-based tax, they claim that their title to the mineral rights at issue is superior to that of respondent.

In the 1988 letter from Robert A. Hoffman, Director of the Property Tax Division of the State Tax Department of West Virginia, he informed the Assessor of Wetzel County that if a sheriff conducted a tax sale where there were duplicate assessments and one of the duplicate assessments was delinquent, "such sale would in all likelihood be considered invalid as the real property entry may be improper." That letter does not place any obligation on a taxpayer to contest the duplicate assessment. Petitioner's expert testified that since the "Leased" assessment did not arise from a deed, will, or court order, no sale of that assessment should occur, as it would violate West Virginia Code § 11-4-9. This Court previously held that "[a] tax sale under a void assessment . . . and a deed made pursuant to such sale are void." Syl. Pt. 4, in part, *Bailey v. Baker*, 137 W.Va. 85, 68 S.E.2d 74 (1951); *see also* Syl. Pt. 4, *Blair v. Freeburn Coal Corp.*, 163 W.Va. 23, 253 S.E.2d 547 (1979) ("A deed made pursuant to a tax sale under a void assessment is void.").

In relevant part, West Virginia Code § 11-4-9 provides that

[i]n any tax sale by a sheriff, school commissioner or commissioner of forfeited lands, only the tract, lot, estate, interest or undivided interest proceeded against in that particular instance shall pass to the purchaser, so far as the State is concerned, so that any other estate, interest or undivided interest in the same tract not embraced in such sale shall not be affected by such sale, nor shall the title, or rights of the owners or claimants of such other estate, interest, or undivided interest in land be affected thereby.

There is no dispute that Mitchell consistently paid the original tax he had been paying for years.

That is also the interest that he sold to respondent. Therefore, his interest could not be affected by the duplicate assessment pursuant to West Virginia Code § 11-4-9. While this statute does not directly address the types of assessments at issue in the present matter, it is clear that Mitchell never allowed the original taxes to become delinquent, so his interest was protected and the Deputy Commissioner of Forfeit and Delinquent Lands for Harrison County did not have the authority to sell Mitchell's interest.

Petitioners next argue that the circuit court erred when it allowed recovery of real estate after ten years. They contend that West Virginia Code § 55-2-1 places a ten-year statute of limitations on the recovery of real property, so Mitchell's failure to attempt to set aside the deed between 1995 and 2010 left respondent without a valid claim for recovery. Petitioners are correct that West Virginia Code § 55-2-1 provides that "[n]o person shall make an entry on, or bring an action to recover, any land, but within ten years next after the time at which the right to make such entry or to bring such action shall have first accrued to himself or to some person through whom he claims."

The circuit court found that the ten-year statute of limitations was inapplicable because Sigmond and Mitchell always paid taxes on their assessments to the 376 ½ acres of oil and gas until the sale of those interests to respondent. It went on to find that Mitchell had no reason to seek to set aside the tax deed because he correctly believed he had properly paid his taxes on the oil and gas interests that he inherited from his mother and his aunt. The application of the ten-year statute of limitations under West Virginia Code § 55-2-1 requires the demonstration of actual possession of the property thereunder, which petitioners have failed to demonstrate. Further, as set forth above, petitioners never had a legal right to the mineral rights at issue because they purchased the same pursuant to a void assessment. This Court has held that "[t]o work . . . ouster, it is not enough to set up a mere claim by obtaining a deed or patent or otherwise. It requires an adverse holding, actual occupation of the land, and such as is calculated to give notice." *Camden v. West Branch Lumber Co.*, 59 W.Va. 148, 160, 53 S.E. 409, 414 (1906). For these reasons, we find that the circuit court did not err in concluding that West Virginia Code § 55-2-1 was inapplicable to this matter.

Finally, petitioners argue that the circuit court erred when it permitted respondent the benefits of a bona fide purchaser when it was not a bona fide purchaser for value of the Mitchell and Rapp oil and gas. Petitioners state that respondent purchased Mitchell's interest for less than $100, while in January of 2016 there was almost $800,000 in escrow related to that account due to Marcellus production from the lease at issue. They also state that there was over $4,000 in the shallow well escrow account. Therefore, respondent did not purchase Mitchell's interest for its fair market value, and it is not a bona fide purchaser. While petitioners make assertions as to the amounts contained in the escrow accounts, they do not point to the record to support these contentions. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides, in relevant part, that the argument section of a brief before this Court "must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal." Because petitioners failed to point this Court to the necessary documents in the record to allow it to make a determination on the merits, we decline to address the merits of this assignment of error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  November 18, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis
Justice Brent D. Benjamin

6